### AMY RANGER *vs.* JONATHAN CARY & others.

In an action by the indorsee against the maker of a negotiable note, the burden is on the defendant to prove that the note was negotiated after it was due and dishonored ; and that burden is not removed by proof that the note was transferred and delivered to the plaintiff before it was dishonored, but was not indorsed until afterwards.

A note payable on demand is not regarded as dishonored within one month after its date.

Where a negotiable note, payable on demand, was transferred and delivered by the payee to a third person, within a month after its date, for a valuable consideration, but was not indorsed to him until two years afterwards ; it was *held*, in an action by the indorsee against the makers, that they could not set off against said note a demand which was due to them from the payee at the time of the making of the note and of the transfer thereof by delivery.

ASSUMPSIT on a promissory note for $ 60, made by the defendants, Cary, Ward & Bond, on the 21st of December, 1836, payable to Baxter Ayers or order, on demand, and by him indorsed to . the plaintiff.  The defendants pleaded the general issue, and filed the following specification of defence, viz. that said note, if made and indorsed as is supposed by the plaintiff, was not indorsed until the same was overdue and dishonored ; and that said Ayres, at the time of making said note, was, and hitherto always has been, and now is, indebted to the defendants in a larger sum than the amount of said note, as by their account filed by way of set-off.

At the trial, in the court of common pleas, before *Williams*, C. J. the parties agreed that it should be taken by the court and

jury as true, "that the note declared on was made as in the declaration alleged ; that it passed, for a valuable consideration, into the hands of the plaintiff, soon after it was made — the precise time, if material, to be left to the jury ; that it was not indorsed to the plaintiff, until the autumn of 1838 ; and that, at the time of making the note, and ever since, the said Ayres was indebted to the defendants in a sum over $ 500, which claim has been filed in offset." The defendants introduced the deposition of said Baxter Ayres, who deposed that in the autumn of 1836, he received, in exchange for a horse and wagon, the defendants' note for about $ 90, payable to a third person, and that within two or three weeks afterwards, the plaintiff, whom he owed about $ 60, called on him for payment, and he agreed that she should have a note of the defendants in payment of the debt due to her ; that he afterwards took said $ 90 note to the defendants' counting room, and requested Ward, one of the defendants, to give him therefor two notes payable to himself, one for $ 60, and another for the balance ; which was thereupon done : That he afterwards — but whether on the same day or some time afterwards, he could not say — passed the $ 60 note to the plaintiff, and took up a note which she held against him for about the same amount : That he did not then indorse said note, nor did the plaintiff request him so to do : That at the time of passing said note to the plaintiff, he was indebted to the defendants, on book account, between four hundred and five hundred dollars, very little of which has since been paid, and that he intended to have paid said note and taken it back ; but that he said nothing on that subject to the plaintiff : That in a settlement of accounts between him and the defendants, in April, 1837, said Ward inquired for said note, and on being told that it was passed to the plaintiff he said he should not pay it ; asked whether it was indorsed, and learning that it was not, desired the deponent to give the defendants a note of the same amount " to offset against the other, in case they had it to pay ;" whereupon the deponent gave them a note for the same amount, including interest : That on the 24th of October, 1838, the plaintiff's

brother called on the deponent to indorse to her the note now in suit, which the deponent did.

The above was all the evidence given to the jury, and the only question submitted to them was, whether said note was overdue and dishonored at the time of its transfer to the plaintiff.

" Upon this point, the judge instructed the jury, that the burden of proof was on the defendants, and unless the jury were satisfied affirmatively that the transfer of the note to the plaintiff was at least one month after its date, it could not, for the purposes of this trial, be considered as a dishonored note, and the plaintiff would therefore be entitled to a verdict. The judge further instructed the jury, that the transfer of said note was to be considered as made and completed, so as to vest the title in the plaintiff, when she paid the consideration therefor and it was in fact delivered to her, though the indorsement of said Ayers's name was not until long afterwards ; and that the burden of proof still remained on the defendants, notwithstanding the evidence, contained in said deposition, as to the time of the indorsement, taken in connexion with the other evidence in the case."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions to the above direction of the judge.

*Forbes,* for the defendants. A note payable on demand is to be regarded as dishonored, if not paid sooner than one month after date. *Field* v. *Nickerson,* 13 Mass. 131. *Thayer* v. *Brackett,* 12 Mass. 450. *Spring* v. *Lovett,* 11 Pick. 419. *Sylvester* v. *Crapo,* 15 Pick. 92. *Thurston* v. *McKown,* 6 Mass. 428. *Thompson* v. *Hale,* 6 Pick. 259. 3 Kent Com. (1st ed.) 61. 2 Stark. Ev. 255. *Sice* v. *Cunningham,* 1 Cow. 397. *Martin* v. *Winslow,* 2 Mason, 241. *Losee* v. *Dunkin,* 7 Johns. 70.

The legal title to the note was in Ayres until it was indorsed ; and the indorsment did not relate to the time of transfer by mere delivery, so as to affect the defendants' right of set-off. 1 U. S. Digest, Assignment, 86, 89, 109. Jacob's Law Dict. Relation. Co. Lit. 150 *a.* Rev. Sts. *c.* 96, §§ 1, 10, 11. If the original agreement between Ayres and the plaintiff had been that the note should be indorsed, the plaintiff was guilty of laches in not procuring the indorsement earlier ; and as the equities

of the parties to this suit are equal, the defendants should prevail 1 Story on Eq. 75–77. See also *Drayton* v. *Dale*, 2 Barn. & Cres. 293. Bayley on Bills, (1st Amer. ed.) 79, 80. But there was no agreement that the note should be indorsed, and therefore the doctrine of relation does not apply.

The defendants are entitled to this defence, as the note was transferred to secure a *preëxisting debt* due to the plaintiff. *Rosa* v. *Brotherson*, 10 Wend. 85. *Ontario Bank* v. *Worthington*, 12 Wend. 593. *Coddington* v. *Bay*, 20 Johns. 637.

On the question of burden of proof, *Forbes* referred to *Stevens* v. *Bruce*, 21 Pick. 193.

*Phelps*, for the plaintiff. The transfer of this note, if made within a month after date, was within a reasonable time ; and what is reasonable time is a question of law. *Sanford* v. *Mickles*, 4 Johns. 224. *Sylvester* v. *Crapo*, 15 Pick. 92. *Thurston* v. *McKown*, 6 Mass. 428. The instructions of the judge as to the burden of proof were clearly correct. *Hendricks* v. *Judah*, 1 Johns. 319. *Webster* v. *Lee*, 5 Mass. 334. *Canfield* v. *Gibson*, 13 Martin, 143. *Pinkerton* v. *Bailey*, 8 Wend. 600. The evidence that the note was not *indorsed* till two years after the date, when taken in connexion with the proof that it was transferred and delivered *bonâ fide*, within a month after its date, did not change that burden. Delivery of a negotiable note to one who is ignorant of equities between the original parties, is an equitable indorsement ; and the subsequent clerical act of indorsement relates back to the time of delivery. *Baker* v. *Arnold*, 3 Caines, 284. *Smith* v. *Pickering*, Peake's Cas. 50. Bayley on Bills (2d Amer. ed.) 119. Ayres's receipt would not have availed as a defence against this note. *Collins* v. *Martin*, 1 Bos. & Pul. 650. *Wheeler* v. *Guild*, 20 Pick. 550.

It appears from *Smith* v. *Van Loan*, 16 Wend. 661, that in the case cited from 10 Wend. 85, the note was not an available security in the payee's hands at the time of the transfer, and that he put it into circulation fraudulently, contrary to an express agreement between him and the maker.

DEWEY, J. The instructions of the court of common pleas, to which exceptions were taken, embraced substantially the fol-

owing propositions : 1. That the burden of proof was on the defendants to show that the note was transferred after it was due and when dishonored, if they would avail themselves of a defence only open to them as upon a dishonored note : 2. That unless the defendants satisfied the jury that the transfer of the note to the plaintiff was at least one month subsequent to its execution, it was not a dishonored note, and the proposed defence could not avail : 3. That the transfer of the note must be considered as made and completed, so as to vest the title in the plaintiff, at the time when she paid the consideration thereof and it was in fact delivered to her, though the indorsement of the name of the payee was not placed upon the note until long afterwards : 4. That the burden of proof still remained on the defendants to show that the note was dishonored, notwithstanding the testimony of Baxter Ayres, and the other evidence, as to the time of the indorsement.

1. Upon the first point, the law is very fully settled according to the rule stated by the judge at the trial. A negotiable note being offered in evidence, duly indorsed, the legal presumption is that such indorsement was made at the date of the note, or at least antecedently to its becoming due ; and if the defendant would avail himself of any defence that would be open to him only in case the note were negotiated after it was dishonored, it is incumbent on him to show that the indorsement was in fact made after the note was overdue.

2. The second point raised presents a question often brought to the consideration of the court, and upon which no very well defined and precise rule of a general character has been adopted. The general doctrine is sufficiently well settled, that as to a promissory note payable on demand, payment is to be demanded in a reasonable time ; and if not demanded within such time, it is to be deemed overdue and dishonored. But what is a reasonable time, within which such demand must be made, can be said to have been ruled only in reference to particular cases, as they have occurred. The question has arisen in two classes of cases ; the one, as to what was a reasonable time to make such demand. in order to charge an indorser ; and the other, like that

in the case before us, as to the length of time in which a note, payable on demand and remaining unpaid, would be held to be dishonored and subject to those grounds of defence which would have been open to the maker in a suit by the payee.*

The adjudicated cases in our own courts do not furnish any case approximating very closely to a period of time corresponding with the one under consideration. In *Field* v. *Nickerson*, 13 Mass. 131, the period of eight months was held not to be within a reasonable time to make a demand to charge the indorser ; and in *Seaver* v. *Lincoln*, 21 Pick. 267, where the demand was made in seven days after the date of the note, it was held to be within due time. In *Sylvester* v. *Crapo*, 15 Pick. 92, a note that had remained unpaid for eleven months before it was negotiated, was held to be dishonored ; and the shorter period of six months was, in *Thompson* v. *Hale*, 6 Pick. 259, held sufficient to subject it to the defence of a note overdue. On the other hand, a note indorsed seven days after its date was held, in *Thurston* v. *McKown*, 6 Mass. 428, to have been transferred in season to avoid any ground of defence arising from the equities between the original parties.

Without attempting to prescribe any precise limit beyond which such a note must be held to be dishonored, the court are of opinion that the term of one month, as stated in the instruction to the jury, was sufficiently restricted in point of time, and that if the note was transferred to the plaintiff within that period, it was not a dishonored note.

3. Upon the instruction that the transfer of the note was to be considered as made and completed, so as to vest the title in the plaintiff when she paid the consideration therefor and it was in fact delivered to her, although the actual indorsement was made long afterwards, we have not thought it necessary to decide further than as respects its bearing and effect upon the case now before us. And in reference to the defence here relied

* By *St.* 1839, *c.* 121, § 1, in actions by indorsees against the makers of notes *thereafter made*, payable on demand, any matter shall be deemed a legal defence, and may be given in evidence accordingly, which would be a legal defence if the action were brought by the promisee.

upon, and the right to plead in offset such demands as might have been pleaded, if the action had been brought in the name of the payee, the court are of opinion that the indorsement, when made, should be regarded as relating back to the time when the plaintiff paid the consideration and the note was actually delivered to her ; inasmuch as whether the plaintiff had the legal title from the time of the delivery to her of the note, or the equitable title merely, from the time of the delivery, and the legal title by a subsequent indorsement, the defence here relied on must be equally unavailing.   Here is no question of want or failure of consideration, of this note ; no offer to prove payment of it ; but the defendants rely upon an account filed in offset, in their favor against Baxter Ayres, the payee and indorser of the note, as their only ground of defence to a recovery by the plaintiff.

It was originally a question of much doubt whether, in any case, where an action was instituted on a dishonored negotiable note, in the name of the indorsee, the defendant could avail himself, by way of set-off, of distinct demands he might have held against the indorser — the suit being between other parties than those to the account offered in offset, and the statute, which allows set-off, in its terms embracing only demands between the parties to the suit.   The English decisions restrict the defence to a dishonored note within a much narrower ground than that relied on in the present case ; holding the plaintiff, in such cases, liable only to the equities arising out of the note itself, or to the allowance of such demands due to the maker of the note as might be found by either express or implied understanding of the parties to have been agreed to be applied in discharge of the same.   *Burrough* v. *Moss*, 10 Barn. & Cres. 558.

This court, however, after much consideration, in the case of *Sargent* v. *Southgate*, 5 Pick. 312, held that the statute of set-off was a remedial statute and ought to have a liberal construction ; and that, in an action by an indorsee against the maker of a negotiable note indorsed when overdue, the maker might file in offset demands he had against the indorser for money due. In that case, the note remained in the possession of the payee

long after it was dishonored, and the case presented itself under circumstances of equitable defence much stronger than in the case at bar. In *Stockbridge* v. *Damon*, 5 Pick. 223, where a note was transferred six years after it was due, and where the indorsement was obviously in fraud of the maker's rights, the court also allowed the demands of the maker against the payee to be given in evidence to defeat a recovery on the note. But the construction of the right of set-off, thus liberal for the suppression of fraud, should not be extended so as to work injustice to a *bonâ fide* holder of a note, who became possessed thereof for a valuable consideration, before it was dishonored, and when by subsequent indorsement the legal interest has become vested in him, so that he may enforce the collection of it in his own name.

In the case of a note not negotiable, transferred to a third person, it is, from the very form and nature of the contract, a chose in action to be enforced solely in the name of the payee ; and until actual notice of transfer, the law requires that all payments and offsets, which may be properly applicable to the same, should be allowed. Not so in the case of a negotiable note, which by its very terms shows that the promise is the subject of transfer and sale, and where no notice of transfer would have been required to be given to the maker, if there had been an actual indorsement before the note was overdue. It is true that in respect to such a note, if there were an attempt to enforce it without indorsement, and in the name of the payee, it might be defeated by an offset, if no notice had been given ; but when, by indorsement, the equitable transfer has become a legal one, the case may present itself under a different aspect as to the legal rights of the parties.

If this note had remained in the possession and control of the payee until dishonored, or if it had been fraudulently indorsed to avoid the offset of the makers' demands against the payee, we should have had no hesitation in applying the rule as stated in the cases above cited, and sustaining the defence. But this case shows a *bonâ fide* sale of the note before it was dishonored, for a valuable consideration, and an actual delivery of the

same to the plaintiff, and her possession thereof to this time, and her subsequent acquisition of the legal title by indorsement. If this indorsement had in form been made before the note was dishonored, no question could have been made as to the right of the plaintiff to recover. Having become possessed of the same, at the time and in the manner she did, and having, before the institution of her suit, acquired the legal title, and consequently the right to sue in her own name, the court are of opinion that the plaintiff does not hold this note subject to the demands filed in offset, and to which it would have been liable while in the hands of the payee ; and that, for this reason, the defence relied on cannot prevail.

4. In the view we have taken of this case, we perceive no objection to the ruling of the judge, that the burden of proof remained on the defendants, notwithstanding the evidence contained in the deposition of Ayres as to the time of the indorsement, taken with the other evidence in the case. The question was, whether upon the whole evidence the defendants had shown that the transfer of the note to the plaintiff was made under such circumstances, that the demands of the defendants against the payee of the note were admissible in defence, in the present action. The evidence referred to discloses, in connexion with the time of the actual indorsement, the delivery of the note, for a valuable consideration, to the plaintiff, at a period before the note was dishonored. The burden of proof being originally on the defendants, to show that the note was transferred under such circumstances as would authorize the proposed defence, we do not see that this burden was shifted upon the plaintiff. but think it remained on the defendants.

*Exceptions overruled.*