The cause was submitted to the Court without argument, and their opinion was afterwards delivered by
Parsons, C. J.
The plaintiff declares on a promissory note given by the defendants to one Philip Page, payable to him or his order on demand, and endorsed to the plaintiff. On the general issue, the defendants offered evidence to prove that the note was endorsed to the plaintiff about eight months after it was given, by a special endorsement, purporting that the endorser was not to be liable in any way for the payment; that the endorsement was made without the knowledge of the plaintiff, and for the benefit of Page, the original promisee; and that the note was fraudulently obtained by Page. And this evidence was rejected by the judge.
The first question for our consideration is, whether, as between the parties to this action, fraud could legally be given in evidence to defeat the recovery by the endorsee.
By virtue of the statutes against gaming and usury, negotiable notes, given for a gaming or usurious consideration, [ * 372 ] are * absolutely void in the hands of innocent endorsees. But at common law, the promisor cannot give in evidence against an innocent endorsee, who came honestly by the note, without any reason to suspect that it was not good, any illegality in the consideration, or fraud in obtaining it, or a subsequent payment. (1) If the endorsee receives the note under circumstances which might reasonably create suspicions that it was not good, he ought, before he takes it, to inquire into the validity of the note; and if he does not, he must take it subject to any legal defence, which might be made against a recovery by the promisee. And it has been determined, that the endorsement of a note, after payment has been refused, is a circumstance which ought to awaken the suspicion of the endorsee, and to lead him to further inquiries before he takes it; and that a note endorsed some time after it is due, furnishes a presumption that it has been dishonored ; because it may reasonably be inferred that the holder of the note would prefer *327 receiving the money due, if payment could be had, to a negotiation of the note.
A note payable on demand is due presently. In this case, the note had been due eight months before it was endorsed—a length of time sufficient to induce suspicions that the promisors would not pay it, and to cause some inquiry to be made, whether it. had, in fact, been dishonored, or why payment had not been made. If there was no other circumstance, this would be a good reason to let the defendants into any defence which could legally be made by them, if Page were the plaintiff, (a)
There is, however, another fact of importance. It was alleged that Page was not to be liable on his endorsement, if the defendants refused payment. A caution of this kind must certainly induce an endorsee to believe that payment had been demanded, or that the demand had been neglected from a certainty of refusal, unless the endorser assigned some other reason. An endorsement of this nature, made eight months after a note is due, is enough to charge the endorsee with such negligence in making further inquiries, as will subject him to the same defence, that might he made against the endorser.
* But evidence was also offered, that the endorsement [ * 373 ] was in trust for the endorser himself. If this was the case, whether the note was endorsed before or after it became due, we are satisfied that any evidence may be admitted against the trustee, which might have been admitted against the cestui que trust, if he had sued the note as promisee.
The next question is, whether the defence offered and rejected would have supported a legal defence against Page.
Page was a deputy sheriff, having a prisoner in custody on execution, whom he was carrying to jail, and having proposed to the defendants to procure for the prisoner sureties to entitle him to the liberty of the prison-yard, the defendants agreed to give him bond to indemnify him against the escape of the prisoner, either before he was committed, or after he had the liberty of the yard; and no scrivener being present to write a bond, the note was made and given, upon the express agreement of the defendants and Page, that the note was to be void, if no escape was committed ; otherwise *328 he was to retain it as an indemnity. But Page, without proceeding to the jail with his prisoner, voluntarily discharged him.
Emery for the plaintiff.
Dana for the defendants.
If these allegations had been proved against Page, it is very clear that he could not have recovered. The only ground on which he could claim payment of the note, is as an indemnity. The escape contemplated by the parties before the prisoner was committed, must have been an escape against the will of the officer; but there was no escape against his will, for he voluntarily discharged his prisoner, and is entitled to no indemnity against his own wrong. And if the parties had contemplated a "voluntary escape, then the consideration of the note would be illegal; for an agreement to indemnify an officer for a voluntary escape is void, as against the policy of the law.
As we are of opinion that the evidence ought to have been admitted, the verdict must be set aside, and a new trial granted

 Brown vs. Davies, 3 Term Rep. 80.

 [Field vs. Nickerson, 13 Mass. Rep. 131. — Thayer vs. Brackett, 12 Mass. Rep 450. — Spring vs. Lovett, 11 Pick. 419. — Thomson vs. Hale, 6 Pick. 259. — Silvester vs. Crapo, 15 Pick. 92. — Thurston vs. M'Kown, 6 Mass. Rep. 428. — Martin vs. Winslow, 2 Mass. Rep. 241. — Potter vs. Tyler, 2 Metc. 58. — Sise vs. Cunningham, 1 Cowen, 397. — Losee vs. Dunklin, 7 Johns. 70.—3 Kent. Com. 61. — Ranger vs. Carey, 1 Metc. 369. — Seaver vs. Lincoln, 21 Pick. 267. — But see Stat. 1839, c. 121, altering the law. — For the English law, see Bailey, 5th ed. pp. 525—530.— Thomson, 2d ed., 309 et seq. — Chitty, 8th ed. 412. — Ed]