WINDSOR,
June,
1841.
Dennett
v.
Wymans et al.

---

JOHN DENNETT v. J. R. & L. S. WYMAN and AARON P.
LELAND.

A note payable on demand, and indorsed two days after date, is not to be considered overdue, so as to enable the maker, in a suit by the indorsee, to avail himself of any equitable defence which he might have made if the suit had been brought in the name of the payee.

What is a reasonable time, in all questions relating to the negotiability of notes, is to be determined by the court.

ASSUMPSIT, by the plaintiff, as indorsee of a promissory note, dated July 28, 1840, for sixty dollars, given by the defendants to Levi Bixby, or bearer, for value received, payable on demand.

Plea, non assumpsit, and trial by the court.

On the trial in the county court, it appeared that two days after the date of the note, Bixby, for a full and valuable consideration, transferred and indorsed the note to Eleazer Parker, of Woodstock, for whose benefit this suit is prosecuted.

The said Bixby resided in Reading, Vt., thirty-three miles distant from the defendants' residence ; and Parker resided in Woodstock, Vt, forty miles distant from the defendants' residence. After the plaintiff had proved these facts, the defendants offered to prove that said note was given by the defendants to said Bixby in payment for a horse, purchased by the defendants, Wymans, of said Bixby ; that the defendants had no notice of the sale and transfer of said note until about a month after it was so sold and transferred ; that, on the sale of said horse to said Wymans, the said Bixby warranted the horse to be sound and kind, but that the said horse was, in fact, at the time of the sale, unsound and of no value ; that on the 19th day of August, 1840, at Chester, one of the said Wymans notified said Bixby of the breach of said warranty, and said Bixby then said he had not said note with him, and that he was satisfied that said horse was unsound ; that said Bixby then agreed to take back said horse and to return said note to the defendants when he should return home ; that said Bixby then gave directions to said Wyman in what manner he should keep said horse, and said he would return in a few days, leave the note, and take the horse, and that he had never done so ; that some time afterwards, said Parker called on the defendants for payment of said note, which was the first notice the defendants had that said note had been sold ; that they then notified said Parker of the above named facts, and that he said he would return back and secure his claim on said Bixby, by attaching a certain horse that he had before sold to Bixby, and that said defendants heard no more from said note until the commencement of this suit. Which testimony the court rejected and judgment was rendered for the plaintiff, and the defendants excepted to the decision of the county court.

*S. Fullam*, jr., for defendants.

I. The first question presented by this case is, is a negotiable promissory note, payable on demand, to be considered *over due* two days after its date ?   We insist that a note is

over due if it have run a single day after a suit might have Windsor, been properly commenced upon it. By this construction February, 1841. every man will know what his rights are and they will be ————— fixed and certain ; he will not have to judge, at his peril, of Dennett v. what a court may consider a *reasonable time*, taking into Wymans et al. the account the distance the parties may live from each other, the amount of the note, and all the circumstances connected with the transaction.

II. The next question is, can the maker of such a note show that is was fraudulently obtained or given without consideration, in an action brought thereon by the indorsee, he having been notified, by the maker, of such facts before suit brought ?

We insist that justice demands he should have such right, and the question being new in this state, the court should give such a construction to the law as is suited to the local situation and circumstances of this community. This court is to judge whether any portion of the " common law," is or is not suited to such situation and circumstances.

Again, we insist that this state, not being commercial, does not require the adoption of a law that will compel a man to pay a note fraudulently obtained, and *caveat emptor* may as well be applied to the purchaser of a note, as to the purchaser of a horse or any other chattel, and it is clear that the people of this state, at an early day, (1798), adopted a different doctrine from that now contended for, and that for forty years they have been satisfied with that rule.

*P. T. Washburn*, for plaintiff.

I. A negotiable promissory note, indorsed while current, is not subject, in an action by the indorsee, to the defence of either want, or failure, of consideration. Bayl. on Bills, 133. *Britton* v. *Bishop et al.*, 11 Vt. R. 70. *Hinsdill* v. *Safford et al.*, 11 Vt. R. 309.

This doctrine has been so often recognized in the case of a note or bill payable at *a day certain*, as to be placed now beyond controversy.

II. Where a negotiable promissory note, payable *on demand*, is indorsed within a *reasonable time* after its date, the indorser has all the rights of an indorsee receiving a negotiable instrument before it becomes due, the length of time

which is to be adjudged reasonable, being a point to be determined by the court, upon the facts found in the case. Bayl. on Bills, 135. *Sylvester* v. *Crapo*, 15 Pick. 93.

Promissory notes, payable *on demand,* are analogous to bills or checks payable at *sight.* *Thurston* v. *M'Kown,* 6 Mass. 428. Both are due upon presentment and no reason can be perceived why the time of presentment should not, in both, be governed by similar rules.

Both the general doctrine, and the time of presentment, as to checks *at sight,* are settled in *Bochm* v. *Sterling et al.,* 7 T. R. 423.

The application of the same rule to notes payable on demand is expressly recognised in the case of *Losee* v. *Duncan,* 7 Johns. 70, and in the case of *Sanford* v. *Mickles,* 4 Johns. 224.

The supreme court of Massachusetts adopted the same rule in the case of *Thurston* v. *M'Kown,* above cited, where a note executed at Portland, Maine, was, *seven* days after its date, indorsed to the plaintiff, at Boston. The defendant offered to prove want of consideration, as between himself, and the original payee. But Ch. J. PARSONS, in delivering the opinion of the court, after recognizing the principle that a note indorsed over-due would be liable to the defence offered, says, " *this note cannot be considered as over due,* within the true intent of this principle, as there were no circumstances existing which ought to have induced, in the mind of the purchaser, a suspicion that the note had been dishonored."

And the analogy of the note *on demand* to the bill *at sight,* the circumstances fixing the time when each loses its character of currency, and the reason of the doctrine laid down in the case last cited, are full considered by Ch. J. PARKER, in *Field* v. *Nickerson,* 13 Mass. 131.

In the late case of *Seaver* v. *Lincoln,* 21 Pick. 267, a demand on the maker of a note, payable on demand, made on the *seventh* day from the date, was held to have been made within a reasonable time to charge the indorser.

It is true that we have no reported case in this state directly recognizing the principle of the above cases ; but it is equally true that we have no decision impeaching them. The two cases in the 11 Vt. R., above cited, recognize, to the full

extent, the principle, as applicable to notes on time, and certainly any reason derived from general usage, or common understanding, applicable to any state in the Union, is applicable to our own.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action on a note, brought by the indorsee against the makers. The note was payable to one Bixby, who indorsed it to the plaintiff two days after date, for a valuable consideration. The question is, whether the facts offered to be proved constituted a good defence to the note in the hands of an indorsee for a valuable consideration. If the note was overdue when indorsed, the evidence should have been received, as it would have made a good defence in a suit by Bixby, the payee. We are of opinion that the note cannot be considered as overdue, so that the defendant could make the defence.

In this state, a note, payable on demand, may be sued immediately.. To decide that, on such a note, when made payable to bearer, or the order of the payee, such a defence can avail the maker, unless it is indorsed immediately, would destroy its negotiability. From the case of *Barough* v. *White*, 4 Barn. & Cres. 325, it is very clear the note would not be considered as overdue in England. In that case, *Littledale*, J. thought such a note could not be considered as overdue, unless some evidence was given that payment had been demanded, and refused. The rule, as settled in Massachusetts, appears to be the true and rational one, that, as it relates to the negotiability of notes payable on demand, and in questions between the indorsee and indorser and between the indorsee and maker, they are to be considered as payable in a reasonable time, and what is a reasonable time, is a question of law, to be decided by the court, on the facts which may be found by the jury.

From the facts, as stated in the exceptions, and which are to be taken as true by us, we do not consider that the plaintiff received the note after it was due and dishonored; but that it was indorsed to him in a reasonable time after date, and he was not to be affected by any equitable defence which the defendants might have had against Bixby, the payee, and consequently the evidence offered was rightly excluded.

It may be remarked that, as the county court tried the issue, they must have considered that the note was indorsed within a reasonable time, and was not over due. If this were a question of fact, their decision could not be reversed here. As a question of law, their decision was correct, so that in any view, their judgment must be affirmed.