## ANN PINE *vs.* ALLEN N. SMITH.

A negotiable promissory note indorsed on the last day of grace is dishonored, and the maker is a competent witness to impeach it.

A citizen of Massachusetts applied to a citizen of New York for a loan, and the latter agreed to lend him a sum of money at eight per cent. interest on security of real estate here, and afterwards wrote to him in Massachusetts to send him a note and mortgage of the estate, which the borrower did, and the lender in return sent the money. *Held*, that the note was governed by the law of Massachusetts, and was not utterly void, but that three times the amount of unlawful interest, being two per cent., must be deducted before the plaintiff could have judgment.

ACTION OF CONTRACT on a promissory note, made by the defendant, and indorsed to the plaintiff on the last day of grace. Answer, that the note was subject to the law of the State of New York, and was usurious and void.

At the trial in the court of common pleas, before *Mellen*, C. J., the defendant was admitted, against the plaintiff's objection, to testify that, to borrow money, he went to New York, the residence of James Pine, the indorser, who agreed with him to lend money which he was about to receive from the estate of M. S.

Wilson, an insolvent debtor, to the defendant, at eight per cent. interest, if the defendant would give him security on his real estate in Lenox; that said Pine afterwards sent him written directions how to make out a note and mortgage, which the defendant did, and sent them to the indorser, who in return sent an assignment of the Wilson debt, which the assignees of Wilson afterwards paid.

The plaintiff argued that the negotiation between James Pine and the defendant was simply a contract for the sale and purchase of the Wilson debt to the defendant for a certain sum, namely, the amount of this note; and that it was not the object of the parties to effect a loan of money upon usurious interest. But the jury found that the real purpose of the parties was to make and obtain respectively a loan of money at eight per cent. interest.

The judge ruled that "the note upon the evidence should be treated as a Massachusetts transaction, and governed by its laws as to its validity; but that the note, under the circumstances of the case, might legally carry seven per cent. interest, and that the usury, if any, would be one per cent.; and, if found to be usurious, they should deduct three times the one per cent. usury from the note, and bring in a verdict for the balance; and the jury did find a verdict for such balance according to the instructions." The plaintiff alleged exceptions, and the parties agreed that if the rulings were correct in all respects, except as to the amount to be deducted, judgment should be rendered accordingly.

*G. J. Tucker*, for the plaintiff. 1. The defendant was not admissible as a witness to impeach the note which he had signed. Rev. Sts. *c.* 35, § 4. *Little* v. *Rogers*, 1 Met. 108. *Butler* v. *Kimball*, 5 Met. 94. *Bubier* v. *Pulsifer*, 4 Gray, 592.

2. The note, having been made and signed and the money for it received here, is governed by the law of Massachusetts; but the payee residing in New York, and the parties contemplating that the note would be paid there, the largest interest allowable in either state might be reserved. 2 Parsons on Con. 94, 95, & note. *Chapman* v. *Robertson*, 6 Paige, 627.

*M. Wilcox*, for the defendant. 1. The note was indorsed to the plaintiff on the last day of grace, and therefore subject to all legal infirmities. *Conley* v. *Grant*, 20 Law Reporter, 595.* The defendant was therefore a competent witness to prove the facts relied on. Rev. Sts. *c.* 35, § 4. *St.* 1846, *c.* 199. *Thayer* v. *Crossman*, 1 Met. 416. *Cutler* v. *Bubier*, 4 Gray, 588.

2. The note and mortgage were of no effect until delivered in New York, which was also the residence of the payee, and therefore the contemplated place of payment, and so furnished the law of the contract, and by that law the note is void. Story Confl. §§ 287 *a*, 293. *Dinsmore* v. *Bradley*, 5 Gray, 487. *Andrews* v. *Pond*, 13 Pet. 65, 77, 78.

3. But if this was a Massachusetts transaction, then only six per cent. can be allowed, and three times two per cent. instead of three times one per cent. should have been deducted in making up judgment for the plaintiff.

MERRICK, J. The note set out in the declaration was indorsed and transferred to the plaintiff on the last day of grace. It was then due; and payment might have been demanded of the maker at any reasonable hour during the day. *Staples* v. *Franklin Bank*, 1 Met. 43. *Whitwell* v. *Brigham*, 19 Pick. 117. She took it therefore after it had in fact become due, and held it subject to any defence which might have been made available against it while in the hands of the payee. *Ayer* v. *Hutchins*, 4 Mass. 370. *Sargent* v. *Southgate*, 5 Pick. 312. *Portland Bank* v. *Maine Bank*, 11 Mass. 204. For this reason the objection taken to the competency of the defendant as a witness to facts having a tendency to prove any illegality in the inception of the note, because he was the maker of it, cannot be sustained. The rule that a maker or indorser shall not be permitted by his testimony to invalidate a security which he has put in circulation, and given credit to by his signature has never

* Misreported. The decision was that a negotiable promissory note not payable at any particular place, was not dishonored in the hands of a *bona fide* holder for value, who took it before the close of business hours on the last day of grace. *Crosby* v. *Grant*, 36 N. H. 278.

been extended to notes negotiated after they have become due and payable. On the contrary it has been expressly determined that in such case the indorser is a competent witness, and his testimony admissible in relation to any matters which may be given in evidence in defence. *Thayer* v. *Crossman,* 1 Met. 416. *Newell* v. *Holton,* 10 Gray, 350.

A question has arisen as to the place where the contract was made. Very plainly we think it appears that it was made in Massachusetts and not in the State of New York. There was a conversation between the parties upon the subject in that state; an agreement between them that they would at a future time enter into such a contract if a particular contingency, namely, the payment of a debt due to James Pine from the assignees of Wilson, should afterwards occur; but no contract was then made. The contract was completed afterwards at Lenox. The maker resided there; the note was actually written and signed at that place; he there received the borrowed money for which it was given; and by direction of the payee remitted the note from thence to him at New York. These various circumstances are decisive as to the question in relation to the place where the contract was executed. They are wholly inconsistent with the assumption that it was executed in the State of New York; and show clearly that it was consummated in Massachusetts. And it is therefore to be construed according to our laws, by which the nature and validity, obligation and effect of the contract are to be determined. 2 Parsons on Con. 95. *Carnegie* v. *Morrison,* 2 Met. 381.

By their verdict the jury have found that interest was reserved in said note at the rate of eight dollars for the forbearance of payment of one hundred dollars for the term of one year. This is a greater rate than is allowed by law, and therefore, according to the provisions of the statute upon the subject, the plaintiff forfeits threefold the amount of the unlawful interest. After deducting this forfeiture, he will have judgment for the balance remaining due. But full costs are to be allowed to and recovered by, the defendant. *St.* 1846, *c.* 199, § 1.