## No. 7599.

AUG. THIELMAN vs. GUÉBLÉ & NIPPERT ET AL.

Where one is sued *eo nomine* as an indorser, and evidence is received without objection tending to show the relation of principal and surety, the suretyship will be enforced if the proof thereof be adequate.

The mention in the note of evidence that evidence was objected to, without statement of grounds, is not equivalent to the reservation of a bill of exception.

An accommodation indorser is entitled to demand protest and notice.

A demand-note must be protested and notice given within a reasonable delay in order to hold an indorser. What constitutes reasonable delay depends upon the facts of each presented case, and the mere fact that the debt bears interest does not take it out of the rule.

A delay of four years held unreasonable.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

By the Reporter: This suit is on two demand-notes, which were protested only several years after their dates, and on which the holder contends that the payee and indorser is liable.

Braughn, Buck & Dinkelspiel, Charles G. Ogden, for plaintiff and appellee:

The facts and circumstances attending the execution' of the notes, and the notes themselves on their face, show that they were given as a *continuing* security for the repayment of a loan on which *demand* was always *in season*. Vreeland vs. Hyde, 2d Hall's Reports, N. Y. p. 429; Merritt vs. Todd, 23 N. Y. p. 28.

The payee indorsed the notes in the hands of the makers, by whom it was afterward given to plaintiff, and he is, in fact and in law, a mere surety, not entitled to protest and notice. 21 An. 208.; 3 An. 390; 6 Rob. 120; 1 An. 254.

C. H. Lavillebeuvre, Carleton Hunt, for Wintz, defendant and appellant:

The law of promissory notes payable on demand, is that the time of payment must depend upon the circumstances of each particular case; but the demand must be made *within a reasonable time*. Four or five years in this case was not a reasonable time. Story

on Promissory Notes, ¿ 207; Chitty on Bills, ch. 9, pp. 402–412;
Bayley on Bills, ch. 7, ¿ 1, p. 324, 5th ed., also p. 232; 7 La. 119;
2 Caines, 369; 1 Cowen, 397; 7 Johns. 70; 14 Vermont, 387; 5 New
Hampshire, 159; 7 Foster, 234; 14 Calif. 458; 44 Maine, 467; 5 Rh.
I. 171; Am. Bankruptcy Register for 1871, vol. 5, p. 200, *re* Craw-
ford.

The opinion of the court was delivered by

WHITE, J. The plaintiff sues Guéblé & Nippert and F. Wintz, the
former as makers, the latter as indorser, of two demand-notes, the one
for $1500 the other $300, dated, respectively, the one June the 22d, the
other June 27th, 1874, both drawn by Guéblé & Nippert to the order of
F. Wintz, and by him indorsed in blank. There was judgment below in
favor of the drawers and against the indorser, the latter having alone
appealed. The defense of the indorser is want of demand, protest, and
notice, and discharge resulting from the bankruptcy of the drawers,
and the conduct of the plaintiff in the bankruptcy proceedings. Before
passing on the sufficiency of the protest and notice, it becomes neces-
sary to consider whether the indorser was entitled to notice, the plain-
tiff contending that his relation being that of a surety not within the
benefits of the law merchant, he was not discharged by want of reason-
able protest and notice. The solution of this issue presents two ques-
tions for our determination : First, where one is sued *eo nomine* as an
indorser, is evidence admissible to show, under the general-relief
prayer, that the defendant was not an indorser, but a surety? If the
evidence be in the record tending to that end, ought it to be considered
in the absence of all formal objection to its introduction? If yes, does
the proof in the record show their relation of suretyship ; and if so, was
protest necessary? 1st. If the person here sued as indorser was, on the
face of the note, not a party to it, in the commercial sense of the word,
we have no doubt that although sued as indorser the liability result-
ing from his contract, and which was patent on the face of the instru-
ment, could be enforced despite the mistaken designation as indorser in
the pleadings. Chorn vs. Merrill et al. 9 A. 533. But such is not the
case here, where the party sued as an indorser is, so far as can be dis-
covered by the paper itself, nothing but a commercial indorser, the
notes being drawn to his order, and by him indorsed in blank. How-
ever, if the rule in Chorn vs. Merrill ought not to be applied to a case
where the suretyship depends on proof *dehors* the note, we think it has
application where the proof relied on to show the suretyship has been
admitted without formal objection, and such is the case here, for none
of the objections noted in the record contain such statement of grounds
as to render the objections in the note of evidence equivalent to bills

·of exception. Before considering the proof on the subject of the suretyship, which is conflicting, we will consider the relation of the parties ·as shown by the notes and the testimony, as to which no conflict exists. The proof of that nature is, that the notes were delivered by the ·makers to the present holder in the condition in which they now are, with the indorsement of the payee on them, thus showing that they ' were indorsed by the payee for the benefit of the makers, and left with them for use. Did this state of facts. alone render the payee and in·dorser so liable as surety as not· to entitle him to protest and notice? There can be no doubt, as taught by an overwhelming current of authority, going back almost to the birth of our jurisprudence, that one, who, not a party to commercial paper indorses it, becomes a mere surety, not entitled to protest and notice. Weaver vs. Marvel, and authorities there cited. There can also be no doubt since Weaver vs. Marvel, 12 A. 517, that an accommodation indorser is *quoad* the holder a mere commercial indorser, entitled as such to due notice. Ball vs. ·Grand, 14 A. 305; Field vs. Delta Company, 21 A. 25; Crane, Executor, ·vs. Trudeau, 19 A. 308.

It is evident that the indorsement in the present case does not ·come within the first rule to which we have referred, because the paper ·is drawn to the order of the indorser, and he is not only, therefore, not ·to be considered as a third· party to the paper, but is, on the contrary, ·a regular commercial payee, through whose blank indorsement the formal title regularly passed. We think it is also equally clear that the ·mere fact of the paper having been delivered to the holder by the ·drawers does not *per se* create the relation of suretyship, because it ·simply shows the indorsement to have been one for accommodation. ·True, in Crane vs. Trudeau, the court in recognizing the settled rule ·that an accommodation indorser was entitled to notice said that where the transferee of a note takes it from the maker with the indorsement ·on it the indorser was a mere surety; but, as said in Field vs. Delta ·Company, this statement was purely *obiter*,·and was, we think, not well ·founded. In Weaver vs. Marvel, 12 A. 517, the notes were delivered by ·the. maker with the indorsement, and yet, as the parties were formal ·parties to the paper, the relation of accommodation indorsers was ·applied. Such is the general rule. Daniel on Negotiable Instruments, ·vol. 1, p. 522. We have been able to find no case in the books holding that where a note was delivered to a third party with the indorsement of ·the payee that that fact alone made the payee other than an accommo·dation indorser. There is testimony in the record tending to show an ·express agreement of suretyship on the part of the indorser. The ·plaintiff testifies that the money was loaned on the express understanding with the indorser that he should become the surety; the defendant,

that he indorsed for the accommodation of the makers, without any knowledge of when or from whom the money was to be obtained. There is nothing to discredit either, and no facts upon which we can form an estimate of probability. Under this state of facts, the burden of proof being on the plaintiff, and the written contract being in the form of a commercial indorsement, we can only follow the legal presumptions and conclude that the burden being on the plaintiff, he has failed to make out his case.

These matters being disposed of, we have for solution the only other question : Was the indorser discharged by want of due protest and notice? The notes, as we have seen, were demand-notes, dated June 22 and 27, 1874 ; they were protested, and notice given on the 26th March, 1879, four years and nine months from their date. The position of plaintiff is, first, that protest and notice are only necessary when the obligation matures, and that a demand-note only matures when payment is demanded ; second, that if a reasonable time is the test, the facts of this case show the delay to have been reasonable. 1. The universal rule, we take it, is that a demand-note must be presented within a reasonable time ; and while the text-writers and books are full of cases wherein the question of what constitutes reasonable time is discussed, we have been referred to no authority, except one case, to which we will hereafter advert, questioning the general rule that reasonable time is the criterion by which to fix the period of presentment on demand-notes. Bayley on Bills, chap. 7, sec. 2, p. 324 ; Story on Bills of Exchange, sec. 325 ; Parsons, vol. 1, p. 263 ; Daniel on Negotiable Instruments, sec. 610. The fact of the note bearing interest does not alter the rule, although it may be an element of fact in ascertaining what is a reasonable time. See Daniel on Negotiable Instruments, *loc. cit.;* De Lane Co. vs. Fredick Stokes & Co. 5 Rh. I. p. 179 ; Ayer vs. Hutchins, 4 Mass. 370 ; Thurston vs McKown, 6 *Ib.* 528 ; Hemmenway vs. Stone, 7 *Ib.* 58 ; Field vs. Nickerson, 13 *Ib.* 131, 137, 138 ; Stockbridge vs. Damon, 5 Pick. 223 ; Thomson vs. Hale, 6 *Ib.* 259 ; Sylvester vs. Crapo, 15 *Ib.* 92 ; Stevens vs. Bruce, 21 *Ib.* 193 ; Ranger vs. Cary, 1 Met. 369 ; Am. Bank vs. Jenness, 1 *Ib.* 288 ; Knowles vs. Parker, 7 *Ib.* 31 ; Tucker vs. Smith, 4 Greenl. 415 ; Dennett vs. Wyman et al. 13 Verm. 485 ; Camp vs. Clark, Trustee, 14 *Ib.* 287 ; Nevins vs. Townsend, 6 Conn. 5 ; Wetley vs. Andrews, 3 Hill (N. Y.) R. 582 ; Carll vs. Brown, 2 Mich. 401.

The one case differing, as we think, from the entire current of authority is that of Merritt vs. Todd, 23 N. Y. 28 ; but it was decided by a divided court, and its correctness has been questioned. 41 N. Y. 595. However, even did its reasoning raise doubt in our minds as to the correctness of the general commercial law, we would hesitate long before departing from the general rule of the law merchant on the author-

ity of one decision, which has been aptly said "was a departure from every case in this country previously decided on the same point." 41 N. Y. 595. But the reason of the conclusion in Merritt vs. Todd is not in our view satisfactory; it seems to have, in a large measure, resulted from a desire to arrive at some more certain test than that of a reasonable time, which, in the nature of things, depends on the facts of each case. In seeking this end it establishes a principle which extends the time for presentment to an indefinite period, and if it does not render less certain, assuredly renders less equitable, the wise principle of reasonable delay by allowing a holder to indulge in any delay, however unreasonable. The only remaining question then is, was the delay of nearly five years in the present case unreasonable ? The parties were both residents of this city, and in the absence of particular or peculiar conditions the question would seem hardly to admit of but one, an affirmative answer. The plaintiff explains and justifies the delay by the conduct of the indorser, who he swears made frequent promises and statements, by which he was induced to abstain from demanding payment. But on this subject we have the same conflict of testimony as that previously stated. The delay being, if unexplained, clearly unreasonable, and the testimony by which it is sought to be explained being directly contradicted, without any preponderance in either the number or credibility of the witnesses, the only conclusion left open for our adoption is to hold that the delay of nearly five years not being explained it is evidently unreasonable, and the indorser is therefore discharged.

It is therefore ordered that the judgment below rendered against F. Wintz be and the same is hereby reversed, and it is ordered that there be judgment against the plaintiff and in favor of Wintz, rejecting plaintiff's demand with costs in both courts.

Rehearing refused.