Parsons, C. J.
The question upon the merits of this case is, whether the loss shall fall on the bona fide purchaser of the note, or on the maker, who was defrauded. And it is settled law, that of two innocent parties, in a case like this, the loss shall fall on the maker of the note. The endorsee gave credit to his name, and on this credit he paid a valuable consideration. The maker suffered himself to be overreached, and by his own inattention, or negligence, or undue confidence in the payee, the note has been negotiated, and has honestly and fairly come into the possession of the plaintiff. On equitable as well as legal principles, the maker must bear the *351 loss arising from his own negligence or improper confidence, and not the endorsee, to whom no fault or indiscretion can be imputed by the promisor.
The defendant has urged, in this case, that the note was over due when the plaintiff purchased it, and, therefore, that any defence, which might be set up against the payee, ought to be admitted against the endorsee.
* It certainly is a correct principle of law, that, if the [ * 480 ] endorsee purchase a note, when, from the length of time in which it has been payable, there is reasonable cause to suspect that it has been dishonored, he shall not deprive the maker of any defence which would avail him against the promisee.
But on the facts agreed, this note is not within that principle. It was payable on demand, and the promisee was not obliged to demand payment immediately ; if a demand of payment was not unreasonably neglected, the promisor cannot object to any reasonable delay. The note was given at Portland on the twenty-second of September, and, seven days after, was sold in Boston to the plaintiff. This note, therefore, cannot be considered as over due, within the true intent of the principle of law relied on by the plain tiff, as there were no circumstances existing, which ought to have induced, in the mind of the purchaser, a suspicion that the note had been dishonored.
On this point our opinion is founded not only on the usage universally prevailing in this state, to give notes payable to order on demand, when they are intended by the parties as securities for money on a long credit, and not as circulating cash notes; but on an analogy between notes payable on demand, and bills payable at sight, or a certain time after sight. (2), (3)

Let the defendant be defaulted.

 7 D. & E. 423, Boehm & Al. vs. Sterling & Al. — 2 H. Black. 565, Mulman & Al. vs. D'Eguino.

 [When a promissory note is payable on demand, a demand must be made in a reasonable time. — Bailey on Bills, &c., 5th Lond. ed. 234 — 244. — Chitty on Bills, 8th Lond. ed. 402 — 425. — Bank vs. Broderick, 10 Wend. 304. — Lice vs. Cunningham, 1 Cow. 397. — Vrelan vs. Hyde, 2 Hall. 429.— Martin vs. Winslow, 2 Mason, 241 Field vs. Nickerson, 13 Mass. 131. — Ed.]