Judgment affirmed.

—◦◦◦—

NEVINS <em>against</em> TOWNSEND and another.

A promissory note, made on the 3rd of *September,* 1817, payable on demand, and indorsed on the 25th of *May,* 1818, is a note negotiated when over-due, and as such is subject, in the hands of the indorsee, to every infirmity, which it had, when in the hands of the payee.

But where a note, after the dissolution of a partnership, consisting of *A.* and *B.,* and while their concerns were unsettled, was given by them, in the partnership name, for 600 dollars, payable to the order of *A.,* on demand, expressed in the note to be *for cash borrowed of A.* ; it was held, in a suit brought by *C.,* to whom *A.* had, for value, indorsed the note, when over-due, against the makers, that the plaintiff was entitled to recover; there being originally no infirmity, or want of equity, in the contract.

In such case, the money for which the note was given, is not to be regarded as money put, by one of the partners, into the partnership funds, and consequently forming an item in the partnership account, and subject to the final adjustment of the partnership concerns; but as money *loaned* by *A.* to the partnership, on the partnership security, to be repaid immediately.

This was an action against *Isaac* and *Kneeland Townsend,* as joint makers of a promisory note, payable to *Kneeland Townsend,* and by him indorsed to the plaintiff.

The cause was tried at *New-Haven, January* term, 1825, before *Chapman,* J.

The note given in evidence on the trial was as follows : " On demand, for value received, we promise to pay *Kneeland Townsend,* or order, eight hundred dollars, being for cash borrowed of him in *New-York,* on the 14th of *April,* 1814, with interest from the 14th of *April,* 1814.

*New-Haven,* 3rd, *September,* 1817.    *Isaac Townsend & Co.*"

That the firm of *Isaac Townsend & Co.* consisted of the defendants; that the note was executed by them, being signed by *Isaac Townsend,* in behalf of the firm; and that it had been indorsed to the plaintiff, by *Kneeland Townsend ;* were admitted facts.    The defendants claimed and offered evidence to

prove, that the firm of *Isaac Townsend & Co.* was dissolved in the year 1815, of which public notice was given; that the co-partnership accounts and concerns had never been settled; and that the note in question was indorsed by *Kneeland Towns-end* to the plaintiff on the 25th of *May*, 1818, and was, of course, over-due. The plaintiff paid a valuable consideration for it. On these facts, the judge instructed the jury, that the plaintiff was entitled to recover; and the jury returned a verdict for him accordingly. The defendants moved for a new trial.

*Daggett* and *Hitchcock*, in support of the motion, contended, That the note declared on having been indorsed to the plaintiff eight months after its execution, and when over-due, it was subject, in the hands of the plaintiff, to every infirmity, which it had in the hands of the payee and indorser. *O'Callaghan* v. *Sawyer*, 5 *Johns. Rep.* 118. *Crossley* v. *Ham*, 13 *East*, 498. 2 *Phill. Ev.* 14. n. Therefore, if *Kneeland Townsend* could sustain no action at law on the note, the plaintiff can sustain none. *Baker* v. *Wheaton*, 5 *Mass. Rep.* 509. 2 *Phill. Ev.* 13. n. *Herrick* v. *Carman*, 1 *Johns. Rep.* 159. But *Kneeland Townsend* could not sue on the note, first, because he could not be both plaintiff and defendant. 1 *Chitt. Plead.* 27, 8. *Main-warring* v. *Newman*, 2 *Bos. & Pull.* 120. Secondly, because it is only in the nature of a receipt for money by him advanced, and one item in his account with the partnership; and this appears on the face of the writing. Thirdly, because if a valid note, it was subject in *Kneeland Townsend's* hands to a final settlement of the partnership accounts; and he had no definite and certain claim against the firm until the accounts were settled. *Church* & al. v. *Knox & al.* 2 *Conn. Rep.* 514. *Brewster* & al. v. *Hammet* & al. 4 *Conn. Rep.* 540. *Nicoll* & al. v. *Mumford*, 4 *Johns. Chan. Rep.* 522. *Robbins* & al. v. *Cooper* & al. 6 *Johns. Chan. Rep.* 186. *Smith's* case, 16 *Johns. Rep.* 102. 106. n. Fourthly, because if all the partnership concerns were settled but this, *Kneeland Townsend* could recover only one half the note; and a suit to recover one half of a liquidated demand due by express promise, was never sustained.

*N. Smith* and *R. I. Ingersoll*, contra, contended, 1. That this was a good promissory note; no formal set of words being necessary for this purpose. Here was a promise to pay a sum certain, on a valuable and legal consideration; and being payable to order, it was negotiable. *Chitt. Bills* 428. (5th edit.)

2. That the rights of an indorsee of an over-due bill, are not less than the rights of a holder, *with knowledge* of what the consideration was, between the original parties, or the equity subsisting between them in a bill over-due. *Chitt. Bills* 104. (5th edit.)

3. That the cases where the maker of an over-due bill or note can avail himself of an equity existing between him and the payee, when sued by a *bona fide* indorsee, are all cases where the defence arises from the *nature of the case,*—such as want of consideration, fraud, payments, or other equitable matter,—and not from the *character of the parties.* Hence a bill in which drawer, drawee and payee are the same person, is good in the hands of a *bona fide* holder for value, though the face of the bill informs the holder, that no suit could ever be maintained by the drawee or payee, against the drawer. *Chitt. Bills* 28. So too, an accommodation bill without consideration, is good in the hands of an honest holder, though he received it *after due*, and with knowledge of all the facts. *Charles* & al. v. *Marshden*, 1 *Taun.* 224. The same principle is recognized in *Brown* v. *Mott*, 7 *Johns. Rep.* 361.

4. That as *Kneeland Townsend* is one of the makers of this note, and a defendant, as well as indorser; and as *he* put this note in circulation after due; he cannot be permitted to set up this defence. *Chitt. Bills* 167. *Boehm* & al. v. *Sterling &* al. 7 *Term Rep.* 423.

Hosmer, Ch. J. The principle advanced by the defendant is unquestionable, that the note declared on, having been indorsed to the plaintiff, when over-due, is subject, in his hands, to every infirmity, which it had, when in the hands of the payee.

The question then arises, had it an infirmity? I am incapable of discerning any. It is a promissory note, in legal and accustomed phraseology, given by a partnership to one of the firm, for money loaned to it, and made with a view to circulation. The money was not advanced by *Kneeland Townsend*, *qua* partner; but as an individual, to be repaid wholly, and not in part; and to enable him to obtain the amount speedily, as well as to render the partnership responsible, the contract assumed the before-mentioned form. Although he could maintain no suit upon it, this did not arise from any infirmity in the contract, or any want of equity; but from the principle that he could not be both plaintiff and defendant. He could transfer

*New-Haven,*
July,
1825.

Nevins
*v.*
Townsend.

the note, and thus get over this difficulty, merely technical; and it was intended, that he should do it, and reimburse himself for the money advanced. The objection founded on the form of the contract, is without support, either from law or justice.

It has been said by the defendant, that *Kneeland Townsend* could not sue on the note, and of consequence, that his indorsee cannot; because it is in the nature of a receipt for money advanced, forming an item in partnership account; because it is subject to a final adjustment of accounts between the partners; and because one half of it only is due. These objections I have brought together, as they all depend on one position, and that is, that the money, for which the note is a security, was intended by *Kneeland Townsend* to be a personal advancement to the funds of the partnership: in other words, that it was a sum of money put into common stock, by one of the partners. Nothing is more unfounded than this supposition. A transaction must be estimated by the intent that characterizes it. Now, the object of the parties, was, to constitute the relation of lender and borrower. *Kneeland Townsend* advanced the money on loan, in a prescribed manner, to receive immediate payment; and the partners borrowed it with the intention to make immediate payment. It was a lawful speculation of the partnership, ultimately to derive money from some person in the community, who had the capacity of making a loan, and to become joint debtors for it. The immediate operation was a loan from *Kneeland Townsend;* but the eventual purpose was to replace this sum, by assigning the partnership security, made with this intent. It cannot be distinguished, in principle, from money loaned to both parties, by a stranger, and a note of the partnership delivered as a security for the repayment. Hence, the sum loaned by *Kneeland Townsend* was not to furnish an item in the partnership account; nor was the payment of it dependant at all on the final settlement of the partnership concerns.

The demand of the plaintiff is unquestionable; and the decision of the court below correct.

PETERS and BRISTOL, Js. were of the same opinion.

BRAINARD, J. was absent,

New trial not to be granted.