### L. B. MOREY v. CHANDLER WAKEFIELD AND TRUSTEES.

*Promissory Note. Intoxicating Liquor.*

A promissory note payable on demand with interest, given for intoxicating liquor bought by the maker, of the payee, to be sold in violation of law, and made under such circumstances that, as between the original parties, it could not be enforced, and negotiated in due course of business ten months after it was executed, to an innocent holder, for value, who was ignorant of the consideration for; which it was given, was *held* to be past due when negotiated; therefore subject to all defenses that would have been available if the suit had been by the original payee.

This case *held* controlled, so far as defenses by the maker are concerned, by *Camp* v. *Clark and trustee*, 14 Vt., 387.

ASSUMPSIT to recover on a promissory note. Plea, *non assumpsit*. The plaintiff gave in evidence a note dated July 13, 1865, executed by the defendant to J. D. & H. Smith on that day, for $500, payable to them or bearer on demand with interest. The

defendant testified that said note was given for liquor bought by him of the payees, which was used at the hotel kept by him at Fayetteville in said county, and that he had no authority to sell liquor. He produced in evidence three bills of liquor and a receipt, and testified that the bills were of the liquor for which said note was given in settlement, and that the receipt was given at the time of said settlement. Evidence introduced by the defendant, showed that one of the payees in said note was at the defendant's house a short time before this suit was brought, with said note, for the purpose of getting the pay upon it; but that the defendant was not at home.

The plaintiff, residing and doing business in Brattleboro' in said county, testified that he bought said note of said payees in the fore part of May, 1866, a few days before this suit was brought, and paid full consideration for it; that he did not know what it was given for, nor that said payees were liquor-dealers, and did not make inquiry what it was given for. It was agreed by counsel that all of said testimony is true. The court *pro forma* decided that the plaintiff was entitled to recover the amount of said note, and judgment was rendered accordingly; to which the defendant excepted.

*Chas. N. Davenport*, for the defendant, maintained that, the consideration of the note being illegal, no recovery could be had, if the suit were in the name of the payees. Gen. Sts., page 600, § 32; *Territt* v. *Bartlett*, 21 Vt., 184; *McConihe* v. *McMann*, 27 Vt., 95; *Harrison* v. *Nichols et al.*, 31 Vt., 709; *Converse* v. *Foster*, 32 Vt., 828.

That, under the decisions in *Pindar* v. *Barlow*, 31 Vt., 529, which arose under the act of 1850, and *Converse* v. *Foster*, 32 Vt., 828, which arose under the act of 1846, the question is fairly an open one whether a plaintiff standing in the relation of a *bona fide* holder (which is not admitted in this case), is entitled to recover.

That a contract or security given in violation of our statute (Gen. Sts., page 600, § 32), can never be enforced. Story on Prom. Notes, § 192; 1 Par. on Con., 381; *Bridge* v. *Hubbard*, 15 Mass., 96; *Hay* v. *Ayling*, 3 Eng. L. & E., 416 and note.

That the plaintiff took the note overdue and uncurrent (*Dennett* v. *Wyman*, 13 Vt., 485; *Camp* v. *Scott and trs.*, 14 Vt., 387); therefore subject to any defense between the antecedent parties.    Sto. on Prom. Notes, § 190.

*G. W. Howe* and *Clark & Haskins*, for the plaintiff, maintained that, although the note is payable on demand, yet the fact that it bears interest, indicates an intention of the parties that payment was not to be demanded the next day or the next week after it was given, nor within any specified time.

That the note in question, never having been demanded prior to its transfer, was therefore not overdue and dishonored at the time this suit was brought, and is subject to no equitable defenses in behalf of the maker.    *Merritt* v. *Todd*, 23 N. Y., 28 ; *Vreeland* v. *Hyde*, 2 Hall N. Y., 429 ; *Brooks* v. *Mitchell*, 9 Mees. & Wels., 15 ; *Burroughs* v. *White*, 4 B. & C., 345.

That the plaintiff, being a *bona fide* holder, is entitled to recover.    Sto. on Prom. Notes (5th ed.), 214, 215, and cases there cited.

The opinion of the court was delivered by

PIERPOINT, C. J.    This action is brought by the plaintiff as the indorsee of a promissory note, given by the defendant to J. D. & H. Smith or bearer, payable on demand with interest, dated the 13th day of July, 1865, and sold and indorsed to the plaintiff by the payees in the fore part of May, 1866.    It is conceded that this note was given for intoxicating liquor bought by the maker, of the payees, to be sold in violation of law, and under such circumstances that, as between the original parties to it, it could not be enforced.

The plaintiff claims to recover on the ground that he is an innocent holder for value, ignorant of the consideration for which it was given, and that he took it in the due course of business, while it was current and before it was due.

The first question that naturally suggests itself, is whether the plaintiff did in fact take this note while current and before it was due.    If he did not, the other questions which have been discussed, become immaterial, as no question is made by the plaintiff but that, if he took the note when past due, he took it subject

to all defenses that would have been available if the suit had been by the original payees.

The note was payable on demand with interest, and was taken by the plaintiff of the payees about ten months after it was executed. Was the note then past due?

We do not now consider this an open question in this state; certainly not, so far as defenses by the maker are concerned. This precise question arose in *Camp* v. *Clark and trustee,* 14 Vt., 387. In that case the court held that a note payable on demand with interest, and negotiated two months after its date, was negotiated when it was past due, and held the maker liable as the trustee of the original payee, although, as the law then stood in this state, no maker of a negotiable note could be made liable as trustee of the payee, until the note had become due in his hands unnegotiated. We think this case must be controlled by that.

Having this view, it would be a needless waste of time and labor to go into a lengthy discussion of this and the other questions that have been so ably argued by counsel on both sides.

Judgment of the county court reversed, and judgment for the defendant for his cost.