## Case No. 3,364.

### In re CRAWFORD.

[5 N. B. R. 301.][1]

District Court, E. D. Michigan. Jan. 9, 1871.

LIABILITY OF ENDORSER ON DEMAND NOTE.

Where a note payable on demand was not presented for payment, and no demand made within four years, a protest at that time could not fix the liability of the endorser, and a claim of this nature cannot be proved against the estate of a bankrupt endorser.

On questions arising upon the claim of Josiah F. Mann, against the said bankrupt's estate, certified by the register, Hovey K. Clarke, Esq., (together with his opinion that the claim ought to be allowed), the same having been adjourned into court for decision. The claim is against the bankrupt [Francis Crawford] as endorser of a promissory note payable on demand. No demand was made until more than four years after the note was given. Was such demand in time to fix the endorser?

Mr. Ward, for claimant.
Mr. Meddaugh, for assignee.

LONGYEAR, District Judge. I fully concede that there is much force and great weight in the reasoning of the register in his able opinion, and if this were a new question I should be much inclined to concur in his views and conclusions as to the nature and character of a promissory note like the present, on interest, and payable on demand, and the relative rights, liabilities and disabilities of the holder and endorser. But this question is not only not a new one, but I consider the law so well settled in this country by an almost unbroken current of decisions in nearly every state and in some of the federal courts, in opposition to the view so ably expressed by the register, that so far as this court is concerned I can hardly consider the question an open one. I feel the more constrained to follow the current of decisions upon this question, from the fact that the supreme court of this state seems to have adopted it (Carll v. Brown, 2 Mich. 401), deeming it, as I do, of the utmost importance that the law, especially so far as it relates to commercial paper, should be uniform in all the courts within the same jurisdiction. The doctrine, as thus settled, I deem to be, that such a note as is above described must be presented for payment within a reasonable time to charge the endorser. Pars. Notes & B. 263–269, and the numerous cases there cited.

In this case the note was made and endorsed October fourteenth, eighteen hundred and sixty-five, and no demand was made until December twenty-third, eighteen hundred and sixty-nine, more than four years having elapsed. Every one must concede that this was not a demand within a reasonable time so as to charge the endorser under the law as above stated. I must therefore non-concur in the conclusion of the register, and hold that the liability of the bankrupt as endorser never became fixed, and that the said claim must be disallowed.