## MITCHELL *v.* CATCHINGS.[1]

*(Circuit Court, E. D. Missouri. April 18, 1885.)*

PROMISSORY NOTES—OPTIONS—NOTICE—REASONABLE TIME.

Where a demand note, given as security for a continuing option transaction, but valid on its face, was bought in the regular course of business and for full value, 23 days after date, by one who knew the payees of the note dealt in options, and suspected, but did not know, that it had been taken in some option deal, *held*, (1) that the note had been negotiated within a reasonable time; (2) that the purchaser was a *bona fide* holder without notice.

At Law. Suit on a promissory note.

*Hugo Muench*, for plaintiff.

*Phillips & Stewart*, for defendant.

BREWER, J., (*orally.*) In *Mitchell* v. *Catchings*, action on a note for $5,000, there is really only one question, and that is whether the plaintiff was a *bona fide* holder, before due, of the note in controversy. In its inception the note was a note given as security for option deals,—a pure gambling transaction,—a note void as between the parties beyond any question. The plaintiff claims to be a *bona fide* holder before due. The note is a demand note, dated November 13th, indorsed to plaintiff, December 6th. No demand was in fact made prior to transfer. While it is true a letter was written by McCormick, of the firm of Smith, McCormick & Co., the payees of the note, yet there was no presentment of the paper to the maker, no demand, within the rules of the law-merchant. Twenty-three days elapsed between the making of the paper and the transfer. Is that such length of time that the court is justified in presuming a demand, and

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

holding that the paper was taken overdue? The books show it is a mixed question of law and fact as to what is reasonable time within which demand must be made. In Daniel, Neg. Ins., quoting, I think, from Pars. Notes & Bills, the author makes use of an expression something like this:

"That it is unquestionable that one day would not be a reasonable time, and that five years would be an unreasonable delay. Intermediate these times there is nothing settled, and each case must be left to be determined upon its own peculiar circumstances."

This note was given as security for a continuing transaction. In the contemplation of the parties it was not to be immediately paid. So the defendant says, and claims really a breach of contract on the part of the payees, in that they closed out his deals more speedily than they were warranted. Hence, as between the parties, it being contemplated that it was to stand as security for a continuing transaction, and not as paper which was to be immediately collected and paid, it does not seem to me that the 23 days can be held to be an unreasonable time. Counsel said in the argument (I do not know whether correctly or not, for I have not had time to examine) that no case can be found in the books in which any period less than 30 days has been held to be an unreasonable time. Applying the law as thus laid down in the books, I cannot hold that the note was transferred after due.

The purchaser suspected that the note was given for one of these gambling contracts. He knew the parties from whom he purchased, and that they were engaged in that kind of business; and so he says he was not blind, but suspected the nature of the transaction. Still, he knew nothing about it. He bought it in the regular course of business at his bank, and paid his money for it. I have a strong feeling in reference to these transactions, (purely gambling transactions,— that is the long and short of it,) and it is a sore temptation to ignore the law laid down by the supreme court, and say that the man who buys under such circumstance does not buy as a *bona fide* purchaser. But the supreme court have held in several cases—and of course that must here be taken as settled law—that mere suspicions or negligence do not invalidate the purchase, or make the purchaser not a *bona fide* purchaser. "There must be [and that is the language of the court] *mala fides;*" and it could hardly be said there was *mala fides* in this case. The note on the face was all right; the plaintiff bought it in the regular course of business and paid his money for it, paying full value; and while, from the knowledge that he possessed of the business in which the payees were engaged, he must have suspected and did suspect the origin of the note, yet he did not know it. I am therefore reluctantly compelled to say that I cannot hold he was guilty of *mala fides* in purchasing the paper; and that, being a *bona fide* purchaser, he is entitled to recover.