OTIS ELEVATOR COMPANY, a corporation of the State of New Jersey, ASSIGNEE OF OTIS ELEVATOR COMPANY, a corporation of the State of Pennsylvania, *vs.* PETER J. FORD.

1. PLEADING—MOTION FOR JUDGMENT—AFFIDAVIT OF DEFENSE—PRESUMPTIONS.

In assumpsit on a note, where plaintiff moved for judgment on his affidavit of demand, the court will, for the disposition of the motion, consider as true all the allegations in defendant's affidavit of defense.

2. BILLS AND NOTES—ACTIONS—SET-OFF—BONA FIDE HOLDER.

In an action on a note, the defense of recoupment and set-off may be urged between the immediate parties or their privies, but not against a *bona fide* holder without notice.

3. BILLS AND NOTES—BONA FIDE HOLDER—WHAT CONSTITUTES.

A *bona fide* holder for value of negotiable paper is one who acquired title in the usual course of business, for a valuable consideration, in good faith, without notice of defenses or circumstances which should have put him on inquiry; formal notice of defects being unnecessary.

4. BILLS AND NOTES—BONA FIDE HOLDERS—WHO ARE.

One who takes negotiable paper after maturity is not a *bona fide* holder, regardless of his lack of notice, but takes subject to every defense which could have been urged when the paper was in the hands of the original payee.

5. BILLS AND NOTES—DEMAND PAPER—MATURITY.

A note payable on demand is considered as overdue and dishonored unless demand is made within a reasonable time; and consequently one who takes such paper after the lapse of a reasonable time is not a *bona fide* holder.

6. BILLS AND NOTES—DEMAND PAPER—REASONABLE TIME.

What constitutes a reasonable time for the making of a demand in case of demand paper depends upon the particular circumstances indicating the intention and understanding of the parties, and is usually a question of fact for the jury.

(*October* 4, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Thomas F. Bayard* for plaintiff.

*Ward, Gray and Neary* for defendant.

Superior Court, New Castle County, September Term, 1913.

ACTION OF ASSUMPSIT (No. 65, September Term, 1913) by the Otis Elevator Company, a corporation of New Jersey, endorsee of a promissory note payable to the order of the Otis Elevator Company, a corporation of Pennsylvania, against Peter J. Ford, the maker. On motion for judgment on affidavit of demand. Motion refused.

The nature and character of the defense set forth in the affidavit of defense appear in the opinion of the court.

WOOLLEY, J., delivering the opinion of the court:

The cause of action in this case, as disclosed by the plaintiff's affidavit of demand, is a promissory note made by Peter J. Ford, the defendant, to Otis Elevator Company (a corporation

of the State of Pennsylvania), and by that company specially indorsed to Otis Elevator Company, a corporation of the State of New Jersey, the plaintiff. The note bears date March 28, 1910, and is payable on demand. The indorsement is without date and contains nothing to indicate when it was made.

The defendant filed an affidavit of defense, averring that there is a legal defense to a part of the cause of action, the nature and character of which is that the promissory note sued upon was given in part payment of the purchase price of an elevator which he purchased from the Otis Elevator Company under a warranty; that he has a counterclaim of recoupment against the unpaid balance of the note, based upon a violation of the warranty; that the Otis Elevator Company, the plaintiff and the indorsee or assignee of the demand note, did not become the holder thereof within a reasonable time after the same was given, or before its maturity under the law; that the Otis Elevator Company, the plaintiff and the indorsee of the note, is a company under substantially the same management and control as the Otis Elevator Company, the payee and indorser of the note, and is not an innocent holder thereof in due course of business; and that it acquired the note from the payee with full notice of all equities existing between it and the maker, including the maker's claims of set-off and recoupment.

The plaintiff contends that the averments made by the defendant in his affidavit of defense are not sufficient to preclude it from obtaining judgment at the first term upon its affidavit of demand, and therefore moves for judgment notwithstanding the affidavit of defense, claiming, among other things, that the affidavit of defense fails to show the defendant's right to recoup and set off against the note sued upon, and fails further to show that the note was assigned and indorsed at such an unreasonable time as to carry with it any equities there may have been between the maker and the original payee.

[1] For the purpose of disposing of motions of this character, the court considers as true all matters in an affidavit of defense sufficiently averred, and for the purpose of the argument in this case the only question necessary to determine is whether

the averments made by the defendant, if true, show a legal defense.

[2]   With respect to the defense of recoupment and set-off, it is well recognized that actions on promissory notes form no exception to the rule that upon a proper showing a party should be allowed to counterclaim or set off certain demands which he may have against the plaintiff, but the doctrine of recoupment and set-off as applied to negotiable paper is restricted to the primary parties and their privies or parties with notice and is not available against a *bona fide* holder.   8 *Cyc.* 62.

[3]   A *bona fide* holder for value of negotiable paper is one who has acquired title in the usual course of business for a valuable consideration, in good faith, from one capable of transferring it, without notice or knowledge of defenses or circumstances which should put him on inquiry.   Formal notice of such defenses or circumstances is not always required to affect or defeat the *bona fide* character of a holder, knowledge of existing defenses and existing equities, is frequently equivalent to notice.   7 *Cyc.* 924, 940.

[4]   The good faith of the holder of the note, free from defenses and equities, is controlled in many cases, as in this one, by the time at which the transfer is made.   A note indorsed or assigned when overdue is subject in the hands of the indorsee or assignee to every infirmity which it had when in the hands of the payee.   *Nevins v. Townsend*, 6 *Conn.* 5; *McCready v. Cann*, 5 *Harr.* 175.

[5, 6]   The period at which a demand note becomes due, and after which it is considered overdue, has been the subject of much judicial consideration.   In some jurisdictions it has been held that paper payable on demand does not become due until a demand is made; in others it has been held that payment must be demanded in what is a reasonable time.   In the former jurisdictions the rule is that paper payable on demand is not overdue for the purpose of transfer so as to make the transferee a purchaser after maturity until after a demand has been made, while in other jurisdictions it has been held that demand paper is due when issued and is overdue immediately thereafter.

In this country it is now generally the law, that a promissory note payable on demand, unless demand is made within a reasonable time, is considered as overdue and dishonored. *Herrick v. Woolverton*, 41 *N. Y.* 581, 590, 1 *Am. Rep.* 461. What constitutes a reasonable time depends upon the particular circumstances indicating the intention and understanding of the parties, and is held by some jurisdictions to be a question of fact for the jury (*Tomlinson v. Kinsella*, 31 *Conn.* 268), and by others to be a question of law for the court (7 *Cyc.* 847, 851).

The averment of the defendant in his affidavit of defense that the plaintiff did not become the holder of the demand note in suit within a reasonable time after it was given, or before its maturity under the law, raises the legal question of what in this instance constitutes a reasonable time, and when under the law the note matured. When that question is determined, the legal rights of the parties are determined. If this averment of the defendant be true, and it is accepted as true for the purpose of this argument, his defense is a legal one, and under it he will be permitted to show that at the time the note was indorsed to the plaintiff it was overdue and that when so indorsed it carried with it all of its legal infirmities.

The motion is refused.