In the Matter of the Judicial Settlement of Account of Proceedings of THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY, as Executor, etc., of WILLIAM J. NELLIS, Deceased.

Surrogate's Court, Albany County, February 5, 1926.

Executors and administrators — claims against estate — instrument signed by decedent and reciting that he had borrowed in cash designated sum " subject to and payable on demand " is non-negotiable promissory note — claim in accounting proceeding predicated on said instrument barred by Statute of Limitations — note became due at once and Statute of Limitations commenced to run from date of instrument.

An instrument designated a " demand note " dated September 19, 1918, and reciting " this is to certify that * * * have this day and date borrowed in cash and received in currency " a designated sum of money " subject to and payable on demand, with interest " is a non-negotiable promissory note, though the word " promise," usually contained in such instruments, is omitted.

Accordingly, in a proceeding for the judicial settlement of the account of an executor, a claim predicated on the foregoing instrument executed by the decedent must be disallowed for the reason that it is barred by the Statute of Limitations, more than six years having elapsed between the execution of the instrument and the decedent's death.

The fact that the note was payable on demand made it due at once, and the Statute of Limitations commenced to run from its date.

PROCEEDING on judicial settlement of account of executor.

*Arthur L. Andrews,* for the executor.

*John J. McManus,* for the claimant.

LAWYER, S.  Involved in this proceeding is a rejected claim which is based upon an instrument in the handwriting of the claimant and signed by the testator and which reads as follows:

"ALBANY, N. Y., *September* 19*th,* 1918.
" Demand Note
" Made this 19th day of September, 1918 — as follows namely:
" This is to certify that I, William J. Nellis, of Albany, N. Y., have this day and date borrowed in cash and received in currency the sum of two thousand dollars from one of my friends, Alfred J. Hanhurst, of Albany, N. Y., which is subject to and payable on demand, with interest at the rate of 6% per year.
" When this note is paid in full I am to surrender the same and receipt it in full.

" W. J. NELLIS."

The executor does not question the authenticity of the instrument, but claims that it is barred by the Statute of Limitations,

more than six years having elapsed between the making of the instrument and the death of testator, which occurred on the 8th day of December, 1924.

It is the duty of the representative to interpose every defense legally available, including the Statute of Limitations. (*Butler* v. *Johnson*, 111 N. Y. 204; *Matter of Van Voorhees*, 55 Misc. 185; *Matter of Miller*, 15 id. 556.)

From the terms of the instrument itself it is apparent that it was not intended as a mere receipt of money, and the transaction which gave rise to the instrument and which is described in express terms in the instrument was not a deposit, but a loan.

A person does not say that he has " borrowed " in cash and received in currency the sum of $2,000 if he intends simply to hold the money on deposit. While a loan and an irregular deposit in a bank both create the relation of debtor and creditor, yet the intention of the parties and the actual contract is not the same. " By a loan of money, is meant the delivery by one party, who is called the lender, to, and the receipt by the other party, who is called the borrower, of a given sum of money, upon an agreement, express or implied, to repay the sum loaned, with or without interest. A loan is usually made at the request and for the benefit of the borrower." (*Payne* v. *Gardiner*, 29 N. Y. 146.)

The terms " borrower," " lender " and " borrow " are apt words to describe a loan of money but not to describe a deposit of money. Moreover, the instrument is designated a " demand note " in its heading and a " note " in the body of the instrument.

Usually a note evidences a loan rather than a deposit. (*Payne* v. *Gardiner, supra.*)

Giving effect to the words of the instrument, and every word must be given such effect as will harmonize the whole writing, if possible, the transaction which gave rise to the instrument must be taken to be a loan rather than a deposit; for that is the expression of the maker.

If the instrument does not evidence a deposit, it is in legal effect a promissory note, as in express terms it is denominated.

A writing may be a promissory note although it contains a statement of the transaction giving rise to the instrument. (Neg. Inst. Law, § 22, subd. 2.)

In other respects it complies with the formal requirements of a promissory note, except that the word " promise " usually contained in such an instrument is omitted.

A negotiable promissory note need not contain the word " promise." It must contain, in legal effect, an unconditional promise.

A statement that a person has borrowed the sum of $2,000, " which is subject to and payable on demand," imports a promise to pay.

The following, among others, have been held to be sufficient promises to pay: " to be accountable for; " " for value received, five thousand dollars to pay; " " this is to certify that I am to pay; " " we certify that we are bound to pay; " " obliges himself to pay; " " paid when called for; " " on demand * * * please pay," where no drawee; " received * * * to be returned when called for; " " holden for; " " to pay or cause to be paid; " " borrowed of; " " I guarantee to pay; " and " payable." (8 C. J. 115.)

The instrument is, therefore, a promissory note.

Although non-negotiable, the rule applies that a note payable on demand is due at once and the Statute of Limitations begins to run from its date. (*McMullen* v. *Rafferty*, 89 N. Y. 456.)

The claim is, therefore, disallowed.

Decreed accordingly.