WILSON *v.* STARK.[*]

(Division B. April 25, 1927. On Suggestion of Error.)

[112 So. 390. No. 26212.]

1. BILLS AND NOTES. *Holder in due course of note, materially altered by blank date of payment being filled in, can recover on it according to original tenor; "material alteration" (Negotiable Instruments Act, sections 7, 124, 125).*

Under Negotiable Instruments Act, section 124 (Hemingway's Code, section 2702), a holder in due course of a note which was delivered without time of payment being expressed therein, and so under section 7 (section 2585) was payable on demand, and which, after execution, was altered by date of payment being inserted, constituting, under section 125 (section 2703), a "ma-

terial alteration," if a holder in due course, may recover on the note according to its original tenor.

2. BILLS AND NOTES. *One acquiring demand note for value without notice in reasonable time after execution held "holder in due course" (Negotiable Instruments Act, sections 1, 52, 53).*

Holder of note payable on demand as permitted by Negotiable Instruments Act, section 1 (Hemingway's Code, section 2579), acquiring it for value within reasonable time after its execution and delivery, without notice of defense against payee under sections 52, 53 (sections 2630, 2631), stating what constitutes a holder in due course, and when person is not deemed a holder in due course, is a holder in due course.

3. APPEAL AND ERROR. *No question not urged on original hearing is considered on suggestion of error.*

Question which was not urged on original hearing will not be considered on suggestion of error.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 642, n. 22; p. 765, n. 85, 86, 87; Bills and Notes, 8CJ, p. 408, n. 90; p. 465, n. 21; p. 475, n. 2; p. 476, n. 14; p. 481, n. 68; p. 495, n. 67; p. 496, n. 74, .75; p. 729, n. 83; p. 730, n. 93; Limitations of Actions, 37CJ, p. 818, n. 91. In absence of specified date of payment, note payable on demand, see 3 R. C. L. 905; 5' R. C. L. Supp. 208; As what is a material alteration defined by Negotiable Instrument Law, see 3 R. C. L. 1113; 1 R. C. L. Supp. 991.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by Mrs. Mary O. Stark against T. C. Wilson on notes. From a judgment for plaintiff, defendant appeals.

On suggestion of error. Former judgment set aside, opinion withdrawn and judgment of lower court affirmed.

Reporter's Note: Cases cited in elaborate briefs filed by *Jeff Collins*, for appellant, and *Welch & Cooper*, for appellee, are listed in opinion of the court.

ON SUGGESTION OF ERROR.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. Mary O. Stark, brought this action against the appellant, T. C. Wilson, on two promis-

sory notes. The court directed a verdict and judgment for the appellee, from which judgment appellant prosecutes this appeal.

The date of payment in the notes appearing on their face was June 10, 1925. Each of the notes recited the following:

"This note is given as part of the purchase price of one 221X safe, Victor safe, measuring outside 33½" wide and 27" deep. This day conditionally sold by the vendor herein."

The notes contained reservation of title to the safe in the seller, and stipulated for attorney's fees, if collected by an attorney. Appellant filed two sworn pleas. In the first he alleged that appellee ought not to have and recover anything of him in the action, because the notes sued on were given for the purchase price of a Victor safe sold to him by J. A. Boyd, the payee in the notes, and the safe was never delivered; that therefore the consideration for the notes wholly failed. In the second plea, appellant set up that appellee ought not to recover on the notes, because the notes, since their execution, without appellant's consent, had been materially altered, in that the date of maturity in each had been inserted, and that because of that alteration the notes were void.

The appellant testified that there was no date of payment named in the notes when executed and delivered to the payee, Boyd; but that there was an oral understanding that he was to pay the first note when the safe was delivered, and the other note thirty days thereafter; that the date, June 10, 1925, was inserted without his consent, and was a material alteration of the notes; that the safe had been delivered to him; that he paid fifteen dollars cash on its purchase price, the two notes sued on being deferred payments; and that a few days before the trial the cash payment of fifteen dollars was returned to him.

Appellant's contention is that the notes were payable on demand; that the unauthorized insertion in the notes of a due date did not have the effect of changing their date of payment; and that, the notes being payable on demand, appellee acquired them after their maturity, and was therefore not a holder in due course, and took the notes subject to all defenses of the maker as against the original payee. Appellee's position, on the other hand, is that, although the notes were payable on demand, she purchased them within a reasonable time after they were issued without notice of any defect in the title therein, paying value therefor, and that therefore she was a holder in due course, and protected against any defense appellant might have had against the payee in the notes.

Section 7 of the Negotiable Instruments Act (section 2585, Hemingway's Code) provides when an instrument is payable on demand; paragraph 2 thereof providing that an instrument is payable on demand when no time of payment is therein expressed. Section 125 of the Negotiable Instruments Act (section 2703, Hemingway's Code) sets out what constitutes a material alteration of an instrument, among which material alterations is the change of the time or place of payment of the instrument. Section 124 of the act (section 2702, Hemingway's Code) provides that, although an instrument has been materially altered, if it be in the hands of a holder in due course not a party to the alteration, such holder may enforce payment thereof according to its original tenor. Taking appellant's testimony as true, as must be done because a verdict was directed against him, it appears that, although the alteration in the notes was material, and that the alteration was made subsequent to their execution and delivery, and without the consent of the maker, still it was shown that the notes were purchased by the appellee within a reasonable time after their execution and delivery, without notice of the alteration. Under the law, therefore, the appellee had the right to

recover upon the notes according to their original tenor; that is, she had the right to recover on them as notes payable on demand, provided, of course, the other requisites of a holder in due course existed.

Is the holder of a negotiable instrument, payable on demand, who acquired it for value, within a reasonable time after its execution and delivery, without notice of any defense of the maker against the payee, a holder in due course? Section 1 of the Negotiable Instruments Act (section 2579, Hemingway's Code) provides, among other things, that one of the essentials of a negotiable instrument is that it must be payable on demand or at a fixed future time. Sections 52 and 53 of the Negotiable Instruments Act (sections 2630 and 2631, Hemingway's Code) provide in the order stated as follows:

"Section 2630. *What Constitutes a Holder in Due Course.*—A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face.

"(2) That he became the holder of it before it was overdue, and without notice that is had been previously dishonored, if such was the fact.

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

"Section 2631. *When Person not Deemed Holder in Due Course.*—Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

It will be noted that the latter section of the statute quoted provides that, where an instrument is payable on demand, and is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course. Without going further, it seems that the question involved is solvable by the language of the Negotiable Instruments Act itself, especially the provisions of sections 1 and 53 of the act (sections 2579 and

2631, Hemingway's Code). By the former section it is expressly provided that a negotiable instrument may be made payable on demand, and, by the latter, that, where such an instrument is payable on demand, and negotiated an unreasonable length of time after its issue, the holder is not a holder in due course. It seems plain, therefore, that the converse of what is there stated must be true; namely, that, where an instrument, payable on demand, is negotiated within a reasonable length of time after its issue, the holder is a holder in due course, provided, of course, he is a holder for value without notice of any defense the maker may have had against the payee. But, whether that be true or not, the language of the statute has been so interpreted by the courts. *American Bank* v. *McComb,* 105 Va. 473, 54 S. E. 14; *Finch* v. *Devanney,* 113 Okl. 147, 240 P. 79; *Easley* v. *Bank,* 138 Tenn. 369, 198 S. W. 66, L. R. A. 1918C, 689; *Miller* v. *Del Rio Co.,* 25 Idaho, 83, 136 P. 448; *Matlock* v. *Scheuerman,* 51 Or. 49, 93 P. 823, 17 L. R. A. (N. S.) 747; *Kintyre Ele. Co.* v. *Bank* (C. C. A.), 2 F. (2d) 348; *Title Loan Co.* v. *Fuller,* 105 Kan. 395, 184 P. 727; *American Bank* v. *Patterson,* 145 La. 995, 83 So. 218, 7 A. L. R. 1563; *Singer Mfg. Co.* v. *Summers,* 143 N. C. 102, 55 S. E. 522; *Asbury* v. *Taube,* 151 Ky. 142, 151 S. W. 372; *Estate of Philpott,* 169 Iowa, 555, 151 N. W. 825, Ann. Cas. 1917B, 839.

Sections 52 and 53 of the Negotiable Instruments Act (sections 2630 and 2631, Hemingway's Code) are simply declaratory of the common law. It has been so held by almost all American and English courts. *Paine* v. *Central R. Co.,* 118 U. S. 152, 6 S. Ct. 1019, 30 L. Ed. 193; *Poorman* v. *Mills,* 39 Cal. 345, 2 Am. Rep. 451; *Kerby* v. *Wade,* 101 Ark. 543, 142 S. W. 1121; *Mitchell* v. *Catchings* (C. C.), 23 F. 710; *Otis Elevator Co.* v. *Ford,* 27 Del. (4 Boyce) 286, 88 A. 465; *Aspen Bank* v. *Mineral Co.,* 17 Colo. App. 452, 68 P. 981; *Tomlinson Co.* v. *Kinsella,* 31 Conn. 268; *Stewart* v. *Smith,* 28 Ill. 397; *Nott* v. *Bank,* 51 La. Ann. 871, 25 So. 475; *Parker* v. *Tuttle,* 44

Me. 459; *Gregg* v. *Bank*, 87 Ind. 238; *Shirley* v. *Todd*, 9 Greenl. (Me.) 83; *Mudd* v. *Harper*, 1 Md. 110, 54 Am. Dec. 644; *Wylie* v. *Cotter*, 170 Mass. 356, 49 N. E. 746, 64 Am. St. Rep. 305; *Bank* v. *Jenness*, 2 Metc. (Mass.) 288; *Thurston* v. *McKown*, 6 Mass. 428; *Carll* v. *Brown*, 2 Mich. 401; *La Due* v. *Bank*, 31 Minn. 33, 16 N. W. 426; *Kirkwood* v. *Bank*, 40 Neb. 484, 58 N. W. 1016, 24 L. R. A. 444, 42 Am. St. Rep. 683; *Carlton* v. *Bailey*, 27 N. H. 230; *Herrick* v. *Woolverton*, 41 N. Y. 581, 1 Am. Rep. 461; *McAdam* v. *Mercantile Co.*, 24 N. D. 645, 140 N. W. 725, 47 L. R. A. (N. S.) 246; *Howe* v. *Hartness*, 11 Ohio St. 449, 78 Am. Dec. 312; *McLean* v. *Bryer*, 24 R. I. 599, 54 A. 373; *Morey* v. *Wakefield*, 41 Vt. 24, 98 Am. Dec. 562; *Bank* v. *International Co.*, 24 Ont. L. 57, Annotated Case 1912A, page 472; *Brophy Grocery Co.* v. *Wilson*, 45 Mont. 489, 124 P. 510; *Hughes* v. *Monty*, 24 Iowa, 499; *Glasscock* v. *Balls*, 24 Q. B. D. 13; Daniel on Negotiable Instruments, section 783, p. 776; Story on Promissory Notes, section 207, p. 250; note to case in Ann. Cas. 1912A, p. 475 et seq.; 8 Corpus Juris, p. 408; 3 R. C. L., p. 1047, section 252.

This court held in *Butts* v. *Railroad Co.*, 63 Miss. 462, that a demand note was due at once. This principle was reaffirmed in the recent case of *Shapleigh Co.* v. *Spiro*, 141 Miss. 38, 106 So. 209, 44 A. L. R. 393; but neither of those cases dealt with the question here involved, but solely with the question of the statute of limitations applicable to such notes. The courts generally of this country hold that the statute of limitations begins to run on delivery of a demand note; and that is true of the courts of the states which hold that a demand note is not overdue until after the lapse of reasonable time from its issue, so far as the rights of a transferee are concerned. *Pardee* v. *Fish*, 60 N. Y. 265, 19 Am. Rep. 176; *Herrick* v. *Woolverton*, 41 N. Y. 581, 1 Am. Rep. 461 (for transfer demand note not overdue on delivery); *McMullen* v. *Rafferty*, 89 N. Y. 456; *Nellis' Will*, 126 Misc. Rep. 638, 214 N. Y. S. 378 (demand note immediately due for

purposes of statutes of limitation); *Northern Crown Bank* v. *International Co.*, 24 Ont. L. Rep. 27, Ann. Cas. 1912A, 472; 17 R. C. L., p. 769; 3 R. C. L., p. 1047; 37 Corpus Juris, p. 818; 8 Corpus Juris, p. 408.

It follows from these views that the trial court committed no error in directing a verdict for the appellee. We have noticed on the suggestion of error only questions presented and argued on the original hearing. This court has held that no question will be considered on suggestion of error that was not urged on the original hearing.

The opinion handed down on the former hearing of this case is withdrawn, the judgment entered set aside, and a judgment will be entered in this court affirming the judgment of the court below.

*Suggestion of error sustained, former judgment entered by this court set aside, and the judgment of the lower court affirmed.*