22 N.J. Super. 449 (1952)
92 A.2d 60
GENERAL INVESTMENT CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PAUL SCHULMAN AND CELIA SCHULMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided October 31, 1952.
*450 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Gerald W. Kolba argued the cause for plaintiff-appellant.
Mr. Isadore Waks argued the cause for defendants-respondents.
The opinion of the court was delivered by PROCTOR, J.S.C.
The plaintiff sued upon a promissory note made by the defendants to the General Maintenance Corporation and transferred by the latter by endorsement of its vice-president to the plaintiff for value before maturity.
The defense was that plaintiff was not a holder in due course in that, prior to the transfer, it had notice of the failure of consideration for which the note was given and, further, that plaintiff did not hold title to the note as the payee's vice-president lacked authority to endorse it. The defendants also interposed a counterclaim for payments they had made on the note.
The jury returned a verdict in favor of the defendants on both the main case and their counterclaim. From the judgment entered upon this finding plaintiff appeals.
Plaintiff's first ground of appeal is that it was a holder in due course and, therefore, the trial court erred in refusing its motion for judgment. The refusal was proper. The note was given by the defendants to the payee, General Maintenance Corporation, in payment of certain exterior renovations to defendants' house. There was testimony that the work was defective and incomplete and that the defendant Paul Schulman notified the plaintiff of these facts *451 before the note was negotiated to it. In view of this testimony we find there was no error in submitting this issue to the jury. See R.S. 7:2-52 and R.S. 7:2-56. Compare First National Bank of Springfield v. Di Taranto, 9 N.J. Super. 246 (App. Div. 1950).
Plaintiff further contends that the trial court erred in refusing plaintiff's request to charge that there was no issue as to the authority of Kruleski, the payee's vice-president, to endorse the note to the plaintiff. The court, after refusing plaintiff's request, charged, "* * * that it was for the jury to determine, as a matter of fact, from the testimony before it and the documentary evidence introduced as exhibits, whether or not Kruleski had authority to endorse, by himself alone, defendants' note for discount by General Maintenance Corp. with plaintiff." The note was endorsed by Kruleski, the vice-president of the payee corporation. While it is true that the minutes of the payee corporation contain a resolution which requires the signatures of two officers for the endorsement of notes, it was undisputed that the amount given by the plaintiff for the transfer of the note was received and retained by the payee corporation. Under these circumstances, the payee corporation was precluded from questioning the manner in which the note was endorsed. See Shaten v. American National Bank of Camden, 109 N.J. Eq. 307 (Ch. 1931); Russell v. Second National Bank of Paterson, 136 N.J.L. 270 (E. & A. 1947). The payee corporation received the proceeds of the note as intended by the defendants. Consequently, the defendants were in no way harmed by the transfer to the plaintiff, and they also are precluded from questioning the authenticity of the endorsement on the note.
It was error to submit to the jury the issue of the authority of payee's vice-president to endorse the note.
Reversed and remanded for a new trial. Costs to abide the event.