WILLIAM D. LORE, JR., and MARGARET LORE, Petitioners, v. GIRARD TRUST CORN EXCHANGE BANK, a Pennsylvania corporation, Respondent.

*(March* 2, 1956.)

HERRMANN, J., sitting.

*John E. Lewis* (of Killoran and VanBrunt) for the petitioners.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for the respondent.

Superior Court for New Castle County, No. 829, May Term, 1955.

HERRMANN, J.:

The petition seeks a rule to show cause why a judgment entered by confession against the petitioners and in favor of the respondent should not be opened and vacated. It is alleged that the judgment was entered upon a promissory note with warrant of attorney bearing the petitioners' signatures as makers and endorsed to the respondent by the payee. The petitioners allege that they should be relieved from the judgment entered upon the note because (1) the note was procured by fraud, (2) there has been a failure of consideration, and (3) the note and accompanying agreement were nullified prior to transfer of the note to the respondent. The petitioners allege that the respondent is not a holder in due course. The respondent moves to dismiss the petition on the ground that it fails to state any sufficient basis for the relief sought.

■ Fraud in the inception, failure of consideration and invalidity of the note may be good defenses as against the respondent if, but only if, the respondent is not a holder in due course. If not a holder in due course, the respondent took the note subject to defenses which the petitioners could have urged if the note were in the hands of the original payee, including such matters as are set forth in the petition. See 6 *Del. C.* §§ 128, 152, 155 through 159; *Gibson v. Gillespie,* 4 *W. W. Harr.* 331, 152 *A.* 589.

■■ The primary question, then, is whether or not the respondent is a holder in due course so as to bring it within the protection of the Negotiable Instruments Law. See *General Inv. Corp. v. Schulman,* 22 *N. J. Super.* 499, 92 *A.* 2d 60; *Driscoll v. Burlington-Bristol Bridge Co.,* 8 *N. J.* 433, 86 *A.* 2d 201, 224; *Fabrizio v. Anderson, D. C. Mun. App.,* 62 *A.* 2d 314; *Wilson v. Gorden, D. C. Mun. App.,* 91 *A.* 2d 329; *In re Stroudsburg Security Trust Co.,* 145 *Pa. Super.* 44, 20 *A.* 2d 890; *Cooke v. Real Estate Trust Co.,* 180 *Md.* 133, 22 *A.* 2d 554. If the respondent is a holder in due course, the judgment may not be opened, the rule will be discharged and the petition will be dismissed. If, however, the respondent is not a holder in due course, the judgment will be opened and the petitioners let into trial for the purpose of determining the truth of the matters alleged. The evils of our practices pertaining to judgments entered by confession upon warrants of attorney have been heretofore discussed by this Court. See *Rhoads v. Mitchell,* 4 *Terry* 343, 47 *A.* 2d 174, 180. For the reasons there stated, I think that whenever it is within the Court's discretion to open judgments of the type here involved, such discretion should be exercised freely and liberally. In any event, the instant petition is deemed to be a sufficient pleading. If further particulars are needed, the respondent may proceed under the discovery Rules.

■■ The motion to dismiss the petition will be denied and the respondent will be required to file an answer to the petition within ten days The initial hearing on the petition and answer will be confined to the issue of whether or not the re-

spondent is a holder in due course. That issue will be presented upon affidavits and depositions. If it shall be determined that the judgment should be opened, the petitioners' defenses will be tried by the Court without a jury. See *Chandler v. Miles,* 8 *W. W. Harr.* 431, 193 *A.* 576, 584; compare Civil Rules 60. *Del. C. Ann.*[1]

The petitioners' motion for production of documents will be granted. In examining the bona fides of the respondent, the determination of which is necessary to ascertain whether or not the respondent was a holder in due course, all of the aggregate circumstances surrounding the transaction and the transfer of the title of the note to the respondent must be considered. See *Otis Elevator Co. v. Ford,* 4 *Boyce* 286, 88 *A.* 465; *Eastern Acceptance Corp. v. Kavlick,* 10 *N. J. Super.* 253, 77 *A.* 2d 49; *Cramer v. Weith,* 20 *N. J. Super.* 577, 90 *A.* 2d 524; *Sonabend v. Charron,* 86 *N. H.* 386, 169 *A.* 589; *Land Finance Corporation v. Sherwin Electric Co.,* 101 *Vt.* 114, 141 *A.* 598. The requested production of documents is addressed to the actual knowledge of the respondent regarding prior sharp and fraudulent practices of the payee in other cases, including habitual and deliberate misfeasance, nonfeasance and malfeasance by the payee. The nature and extent of such prior knowledge may enter into the "aggregate circumstances" to be considered in determining the good faith of the respondent. See 2 *Daniel on Negotiable Instruments* § 892. The documents sought are relevant to the subject matter and the production thereof may lead to the discovery of admissible evidence. Accordingly, "good cause" not being controverted, the motion for production will be granted. See Civil Rule 34.

The petitioners may submit an appropriate order on notice.

---

[1]There seems to be some question as to whether this Court has jurisdiction to determine the fraud issue in this proceeding. See *Miles v. Layton,* 8 *W. W. Harr.* 411, 193 *A.* 567, 112 *A. L. R.* 786. This question will be met if and when it arises.