### MOORE *against* DENSLOW and another.

Where *A, B* and *C* gave a promissory note, payable to *A*, or order, for value
received ; it was held, that *A* could not sustain an action at law on such note
against *B* and *C*.

THIS was an action on a promissory note ; the declaration
being in the usual form.

The cause was tried at *Litchfield, August* term 1840, before *Waite*, **J**.

The plaintiff offered in evidence the following note : " *Colebrook, April* 26th, 1838.   On demand, for value received, we promise to pay *D. C. Y. Moore*, or order, two hundred and fourteen dollars, and seventy-five cents, with interest.

*D. C. Y. Moore*,

*Wm. J. Denslow,*

*Oliver Tillotson."*

This note was signed and executed, as it purports to have been, by the plaintiff and the defendants.   The defendants claimed, that it did not support the declaration; and prayed the court so to instruct the jury.   This was accordingly done ; and the jury returned a verdict for the defendants.   The plaintiff thereupon moved for a new trial for a misdirection.

*Church,* in support of the motion, contended, That the signature of the plaintiff to this note, was a nullity ; and it is, therefore, properly declared on as having been made by the defendants alone ; and, when offered in evidence, it supported the declaration.   It created no obligation on the plaintiff, in the nature of a contract, and had no effect.   Suppose a note signed by the names of three persons, one of whom never existed ; the promisee may declare on a promise made by the two who did sign it.   Suppose a promise to *Susan Stiles*, the wife of *John Stiles ; John Stiles* may declare on the promise as made to himself.   In these cases, the contract is declared on according to its legal effect.   This is precisely what the present plaintiff has done.

*W. W. Ellsworth* and *O. S. Seymour,* contra, insisted, 1. That the plaintiff's signature was not a nullity.   He is one of those who *received value*, as well as one of those who *promised to pay.*   You may as well strike out the promisee, as one of the promisers.

2. That a party cannot sustain an action against himself, in a court of law.   *Moffatt* & al. v. *Van Millengen*, 2 *Bos. & Pul.* 124. n.   *Bosanquet* & al. v. *Wray* & al. 6 *Taun.* 597.

3. That the plaintiff may have relief in equity, adapted to the nature of the case.

*Litchfield,*
June, 1841.
———————
Moore
*v.*
Denslow.

WAITE, J. The note in this case, was signed by the plaintiff and the two defendants. The question now is, whether he can sustain an action at law upon it, in the same manner as if it had been executed by the defendants only. In other words, can he treat his own signature as a nullity, and declare upon the note as one made by the defendants?

It is very obvious, that if the parties were partners, and the plaintiff had advanced to the co-partnership a sum of money, and taken a company note for the amount, he could not sustain an action at law upon it, in his own name, against the other two partners. The money, in such case, would not have been received, by the two only, but by all the partners; and the plaintiff, being one of them, would be liable for his share. And it would make no difference in principle, whether the note was executed by one, in the name of the firm, or by all the members of the company, in their individual names. It would manifestly be unjust to compel two persons to pay to one, a debt, which had been contracted by the three, for their joint benefit, and to the payment of which all were liable to contribute.

It is a general rule, that one partner cannot sue his co-partners at law, for any debt or demand towards which he must ultimately contribute. The authorities upon this subject are numerous and decisive. *Holmes* v. *Higgins,* 7 *Barn. & Cress.* 74. (8 *E. C. L.* 27.) *Teague* v. *Hubbard,* 8 *Barn. & Cress.* 345. (15 *E. C. L.* 234.) *Milburn* v. *Codd* & al. 7 *Barn. & Cress.* 419. (14 *E. C. L.* 67.) *Neale* v. *Turton* & al. 4 *Bing.* 149. (13 *E. C. L.* 383.) *Bosanquet* v. *Wray* & al. 6 *Taun.* 597. (1 *E. C. L.* 495.) *Pitcher* v. *Barrows* & al. 17 *Pick.* 361. *Moffat* v. *Van Millengen,* 2 *Bos. & Pul.* 125. note.

But it is said, that here is no evidence of any co-partnership. The motion is indeed silent as to the consideration of the note. The inference is to be drawn from what appears upon the face of the instrument. It there appears, that, *for value received,* the plaintiff and defendants promised to pay. By whom was the value received? The fair import of the language is, that it was received by *all* the makers of the note jointly; and in consideration of that, they *all* jointly promised to pay.

For what purpose it was received, is not shewn; nor can it be material. It may have been received to pay a joint debt,

*Litchfield,*
*June, 1841.*

Moore
*v.*
Denslow.

to purchase lands for their joint benefit, or to carry on a co-partnership. In either case, it would be the duty of the plaintiff to contribute towards the payment of the debt; and of course, he would fall within the rule precluding him from his action at law.

As the note in this case is payable to the plaintiff, or his order, had he endorsed it to a third person, the *endorsee* might have sustained an action against all the makers. The technical rule of law, that a party cannot be both plaintiff and defendant, would in that case be obviated. And a promise to pay to the order of one of the makers, is just as obligatory as if it were payable to the order of any other person. The signature of the plaintiff, in such case, would not be treated as a nullity. *Nevins* v. *Townsend,* 6 *Conn. Rep.* 5. If it would not, it is difficult to see how it can be so treated before endorsement.

Our advice, therefore, is, that no new trial should be granted.

In this opinion the other Judges concurred.

New trial not to be granted.